FRUGÉ, Judge.
This is a suit for workmen’s compensation benefits. The trial court awarded plaintiff compensation based on total and permanent disability in the amount of $15.60 per week for a period not to exceed 400 weeks, less compensation previously paid. In addition the plaintiff was awarded penalties and legal interest on three weeks compensation delinquent at the time of judgment. Attorney fees in the amount of $1500 were also awarded. The defendant has appealed from that portion of the judgment awarding penalties and attorney fees.
Concerning penalties and attorney fees, LSA-R.S. 22:658 provides:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or *449 any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12%' damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss *
It would serve no purpose to review in detail that part of the record concerning the nature of plaintiff’s injuries nor the circumstances under which they were sustained, since the defendant insurer does not contest this portion of the lower court’s judgment. However, since the defendant denies that the plaintiff’s claim for compensation was at issue, we feel that brief summary of the proceedings in this case are relevant and material to its proper resolution.
Following plaintiff’s injury, defendant insurer paid her compensation at the weekly rate of $15.60. After several months these payments were discontinued and later resumed. In resuming the payment of compensation and in paying up the back compensation due from the time of the termination to the date of resumption, defendant failed to pay plaintiff for a period of three weeks. It should be noted, at this time, that the number of back payments due and payable were not agreed upon by plaintiff and defendant until after suit was filed. Plaintiff, after repeated demand through counsel of record for the back payments, filed suit on December 26, 1961. In this suit plaintiff, in addition to seeking the amount of the overdue payments, asked for compensation based on total and permanent disability. That plaintiff is entitled to compensation for total and permanent disability, is admitted by defendant since they have not appealed from that portion of the lower court’s judgment.
In urging that the trial court committed error in awarding $1,500 in attorney fees, counsel for defendant submits that the only amount in dispute was $52.43 (three weeks compensation at $15.60 per week amounts to $46.80, plus 12%' of that sum which amounts to $5.64) and that under the prior jurisprudence the amount of attorney fees is determined by the amount in dispute. We cannot agree with this conclusion for the following reasons.
The trial judge, in his written reasons, noted that defendant, in answering plaintiff’s suit for compensation, denied the occurrence of the accident, the injuries resulting therefrom, the hazardousness of the employment, and the employment. • He also took cognizance of the fact that the defendant prayed, not merely for the rejection of plaintiff’s demands for the disputed delinquent payments, but for the rejection of all of plaintiff’s demands. Thus, plaintiff incurred the burden of proving that she was injured in the scope of and arising out of her employment in addition to proving that she was presently disabled. In our opinion, the record does not reflect the slightest legal basis for denying plaintiff’s right to compensation for total and permanent disability.
Certainly it cannot be said that, under these circumstances, the only amount in dispute was the delinquent compensation payments, when defendant by his answer contested every facit of plaintiff’s claim. Accordingly, we find no error in the trial court’s allowing penalties and attorney fees. See Fontenot v. Travelers Insurance Company, La.App., 125 So.2d 664; Seal v. Lionel F. Favret Co., 238 La. 60, 113 So.2d 468.
Turning then to the amount of penalties and attorney fees, we make the following observations.
In Guillory v. Coal Operators Casualty Co., La.App., 95 So.2d 201, it was held that penalties provided by LSA-R.S. 22:658 for insurer’s arbitrary and capricious failure *450 to pay a claim can be assessed only against payments delinquent at the time of judgment, and cannot be based upon an entire Workmen’s Compensation award.
The trial judge awarded penalties in the amount of $5.64 based on 12%' of the delinquent payments. There can be no serious doubt that this amount is proper.
As to the attorney fees, counsel for defendant urges that under language of Shuff v. Liberty Mutual Insurance Company, La.App., 134 So.2d 707, the amount in dispute is the sole criterion for fixing the attorney’s fee. We cannot agree with counsel’s interpretation of this decision. Pertinent in this regard is the following language from this decision.
“While counsel is correct in his contention that these statutory provisions are penal in nature (see Brown v. Continental Cas. Co., 161 La. 229, 108 So. 464, 45 A.L.R. 1521 and the authorities cited therein) it is likewise well settled in our jurisprudence interpreting LSA.-R.S. 23:658 [22:658] (as well as LSA-R.S. 23:1141 providing for similar penalties and attorney’s fees against an employer) that the amount of attorney’s fees awarded depends upon the amount of the claim involved and the legal services rendered.” (Emphasis added.)
Although the amount in dispute should be given consideration in determining attorney fees, this is not the sole criterion. As set forth in the above quotation, we must also consider the legal services rendered. See Tyler v. Great American Indemnity Co., La.App., 116 So.2d 717.
In the case at bar, the amount in dispute was not the delinquent payments, but instead plaintiff’s claim for compensation based on total and permanent disability. This amount became subject to dispute when defendant, by its answer to plaintiff’s petition, forced plaintiff to establish her rights in a trial on this matter.
As to the legal services rendered, the trial judge, in his written reasons, established the following:
“This record shows that plaintiff’s attorneys negotiated with defendant over a period of weeks, attempting to get it to pay the then past due compensation installments and to comply with the Statute requiring it to file' with the State Insurance and Rating Board, evidence of its insurance of this coverage. They then prepared and filed the petition, which required, as a precedent, their investigation of the facts of the Case. When, on Mar 15, 1962, defendant filed a plea of prematurity, the Court can assume, knowing plaintiff’s attorneys to be zealous in the interest of their client, that they prepared themselves to try that plea, which defendants subsequently withdrew. Mr. Tate attended a pretrial conference in the Judge’s Chambers in Jennings, called by the Court, prior to the trial, at the request of defendant’s counsel. Mr. Tate attended the taking of the deposition of Mr. Tully B. Tillery, Jr., and represented plaintiff thereat, in Lake Charles, on March 27, 1962. On March 19, 1962, Mr. Tate also attended the taking of the deposition of Dr. Jackson, in New-Orleans, and represented plaintiff thereat. On March 20, 1962, he did the same thing at the taking of the deposition of Dr. Hatchett, defendant’s witness, at Lake Charles. He tried the case in open court at Jennings, prepared and filed a brief in the trial court, in support of plaintiff’s side of the case.”
The judge, who tried this case, is in a much better position to evaluate the services rendered by plaintiff’s counsel. Cain v. Employers Casualty Company, La.App., 96 So.2d 527, 535. After due consideration of the amount in dispute and legal services, as summarized by the trial judge, we are of the opinion that an award of *451 $1,500 for attorney fees is reasonable and adequate and not excessive.
For the reasons assigned herein, the judgment of the trial court is affirmed; defendant to pay all costs of this appeal and of these proceedings.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.