180 So.2d 19 (1965)
Henry W. McCLELLAND, Plaintiff-Appellee,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellant.
No. 10447.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1965.
Rehearing Denied November 30, 1965.
Mayer & Smith, Shreveport, for appellant.
Isaac F. Hawkins, Jr., Shreveport, for appellee.
*20 Before HARDY, GLADNEY and BOLIN, JJ.
HARDY, Judge.
Plaintiff instituted this suit for the recovery of workmen's compensation as for total permanent disability and also prayed for the allowance of statutory penalties and attorney's fees. After trial, there was judgment in favor of claimant at the maximum weekly rate for not more than four hundred weeks, subject to credit for compensation paid; further judgment fixing penalties of 12% on weekly payments for the duration of disability, and awarding attorney's fees in the sum of $1,050.00, from which judgment defendant has appealed. Plaintiff has answered the appeal, praying for an increase in the amount of attorney's fees to the sum of $3,500.00.
Plaintiff, employed by Continental Baking Company, as a transport truck driver, sustained a compression fracture of the first lumbar vertebra as the result of an accident on July 30, 1964, and was paid weekly compensation until February 17, 1965, on which date payments were discontinued. This suit was instituted on March 4, 1965, and trial was had on April 27th and May 13, 1965.
Defendant specifies error on the part of the district court as to the findings that plaintiff had established total and permanent disability with legal certainty by a reasonable preponderance of the evidence; that the termination of payment of compensation was arbitrary, capricious or without probable cause, and in assessing the statutory interest penalty of 12% upon the entire amount of the judgment instead of upon payments overdue for periods of sixty days.
The issues presented by this appeal and the answer thereto require a determination as to the question of disability, the justification, vel non, of termination of compensation payments, and the allowance of penalties and attorney's fees.
The expert medical testimony on behalf of plaintiff was offered by Drs. Overdyke and Tucker, orthopedic specialists, and Dr. Faludi, a neurosurgeon; on behalf of defendant by the treating physician, Dr. Eddy, by two orthopedic specialists, Drs. King and Young, and one neurosurgeon, Dr. Bonn.
Plaintiff was hospitalized immediately following the accident and was examined and treated by Dr. Eddy. Upon the basis of X-rays Dr. Eddy diagnosed the injury as a compression fracture, and although he testified he made a report of the results of his examination and his diagnosis, the record does not contain any written report. On January 6, 1965, Dr. Eddy referred plaintiff to Dr. King and the latter's written report to the defendant dated January 12, 1965, evidenced the conclusion that the fracture was healed, further treatment or surgical intervention would not be recommended; that plaintiff was able to resume light work, and after approximately two months would be able to resume strenuous manual labor. A supplementary report of Dr. King, dated February 16th, advised defendant that in his opinion "it would be beneficial from a theraputic (sic) standpoint for this patient to return to light work at the present time." Dr. Young testified that he examined the plaintiff on April 9th, finding only a 10% to 15% disability of the back, and it was his opinion plaintiff could return to his occupation as a truck driver. Dr. Bonn examined the plaintiff on February 5, 1965, and made a report of his findings. However, it developed that this doctor had not observed the compression fracture. He corrected this oversight by a communication of March 29th., after reviewing his X-rays and noting a definite compressed fracture of the superior aspect of L-1. This expert found no evidence of nerve root compression and concluded that the problem was one for analysis of disability by an orthopedic specialist.
As opposed to the above findings, Drs. Overdyke, Tucker and Faludi testified on trial that plaintiff was totally and permanently disabled at that time to resume his *21 customary employment of heavy truck driving. Of particular interest and pertinence was the testimony of Dr. Faludi that there was an intrusion of bone into the nerve canal at the site of the fracture, which, in his opinion, was the cause of the pain of which plaintiff complained.
After careful examination, we think the testimony of the expert medical witnesses definitely preponderates in favor of the conclusion that plaintiff was totally and permanently disabled as of the date of trial on April 27th and May 13, 1965. If there was any question of doubt about the validity of this finding it would be further supported by the uncontroverted testimony of the lay witnesses. The district judge in a memorandum opinion observed that the lay testimony supported the plaintiff and the conclusions of the medical experts who testified in his behalf. The learned trial judge particularly mentioned his careful observation of the appearance and demeanor of plaintiff during the trial as being indicative of real pain.
On the question of liability for penalties, it is argued that defendant's action in terminating payment of compensation benefits was not arbitrary, capricious or without probable cause within the meaning of LSA-R.S. 23:1201.2. On this point the facts speak for themselves. Payment of compensation was abruptly terminated as of February 17, 1965, and we find no possible justification for this action. The only excuse is to be found in Dr. King's report of February 16th, in which he expressed the opinion that plaintiff's return to light work would be beneficial from a therapeutic standpoint. Dr. Eddy testified that he concurred in this recommendation. In a further effort to explain the termination of compensation payments defendant introduced in evidence a document which purports to be a carbon copy of a letter written by a Mr. Gill, Manager of Continental Baking Company. This communication advised plaintiff that light duty work would be furnished for the period of time specified in Dr. King's report. Although plaintiff testified positively he had never received such a letter, we think this point is unimportant in view of the well-established fact that at the time plaintiff was still in pain and was unable to resume his regular duties or even to accept light duty work. Plaintiff's employer was clearly guilty of failure to take reasonable steps to determine his true condition. Reliance upon Dr. King's recommendation is not sufficient evidence of good faith for the opinion of this doctor failed to give even the slightest indication that plaintiff was able to return to the same duties in which he was engaged at the time of the accident. Under these well-established factual circumstances, we think the discontinuance of compensation was entirely arbitrary and it follows that plaintiff is entitled to the penalties provided by statute.
However, we are convinced that the judgment for penalties is in error in providing the assessment on all weekly payments for the duration of disability. The penalty provision fixed in LSA-R.S. 22:658 has been interpreted by the Supreme Court and various appellate courts of our state as being applicable to amounts past due for more than sixty days. A thorough discussion of this point is found in the recent case of Redding v. Cade (La.App. 3rd Cir., 1963), 158 So.2d 880, which noted the jurisprudential interpretation as evidenced in Seal v. Lionel F. Favret Co. (1959), 238 La. 60, 113 So.2d 468; Humphreys v. Marquette Casualty Co. (1958), 235 La. 355, 103 So.2d 895; Wright v. National Surety Corporation (1952), 221 La. 486, 59 So.2d 695; Guillory v. Coal Operators Casualty Co. (La.App. 1st Cir., 1957), 95 So.2d 201; Doucet v. Travelers Ins. Co. (La.App. 3rd Cir., 1963, writs denied), 149 So.2d 448.
In addition to the penalty interest plaintiff is entitled to recover reasonable attorney's fees and we have experienced no difficulty in reaching the conclusion that the allowance made in the judgment appealed from is substantially inadequate. There is *22 a considerable body of jurisprudence fixing penalty attorney's fees varying in amount from $1,500.00 to $3,000.00, among which may be cited Rogers v. Aetna Casualty & Surety Co. (La.App. 3rd Cir., 1965, writs denied), 173 So.2d 231; Parish v. Standard Accident Ins. Co. (La.App. 3rd Cir., 1963, writs denied), 158 So.2d 892, 893; Redding v. Cade, supra; Cain v. Employers Casualty Co. (1959), 236 La. 1085, 110 So.2d 108.
The amount of attorney's fees is fixed by the court and varies with reference to the nature and extent of the services performed and the amount of recovery. After careful study of the case before us we feel that an allowance of $2,500.00 as attorney's fees would be reasonable.
For the reasons assigned the judgment appealed from is amended to the extent of limiting the award of 12% penalty interest to payments overdue for more than sixty days, or which shall hereafter become overdue for more than sixty days, and by increasing the amount awarded as attorney's fees to the sum of $2,500.00. As amended, the judgment appealed from is affirmed in all other respects, and the costs of this appeal are taxed against defendant-appellant.