424 So.2d 1037 (1982)
Lionel JACKSON
v.
MALONEY TRUCKING & STORAGE, INC.
No. 13213.
Court of Appeal of Louisiana, Fourth Circuit.
September 30, 1982.
Rehearing Denied January 14, 1983.
*1038 Bruce S. Kingsdorf, Morris H. Hyman, New Orleans, for plaintiff/appellee.
John H. Ryan, New Orleans and Perrin Butler, Metairie, for defendant/appellant.
Before REDMANN, LOBRANO and WARD, JJ.
LOBRANO, Judge.
Plaintiff instituted this suit for the recovery of workmen's compensation benefits for total and permanent disability and also for the allowance of statutory penalties and attorney's fees. After trial judgment was rendered in favor of claimant awarding compensation benefits at the rate of 662/3% of the difference between the wages earned at the time of the injury and any lesser wages that he might earn for a period of 400 weeks, together with interest on each week's compensation from date due until paid. The judgment further awarded him 12% penalties, and attorney fees in the amount of $2,000.00. The defendant was cast for all costs, including expert fees. From the above judgment defendant has perfected this appeal.
Plaintiff has answered the appeal, arguing that his injuries constitute a permanent and total disability, or in the alternative, that the trial court erred in awarding compensation benefits for a period of 400 weeks rather than the 450 week maximum as provided in R.S. 23:1221(3). He also seeks an increase in the attorney's fees awarded, and damages for frivolous appeal.
On August 9, 1979, plaintiff, Lionel Jackson was employed by Maloney Trucking and Storage, Inc. to assist in the unloading of several 55 gallon drums weighing approximately 600 pounds each. While unloading one of the drums its full weight fell back on him as he attempted to keep it from falling on his leg. He immediately heard a pop in his back. He then laid down on the loading dock, and stayed there for approximately 35 minutes or more while the individual who was with him called the company to inform them that plaintiff had been injured.
Plaintiff saw a Dr. Smith shortly after the accident and was referred to Dr. Terry L. Habig, an orthopedic surgeon who subsequently admitted him to Southern Baptist Hospital. His diagnosis was acute lumbosacral sprain with evidence of radiculitis involving the left S1 nerve. While in Baptist Hospital, he was treated with pelvic traction and bedrest for one week and then started on a program of physical therapy. Upon discharge from the hospital, plaintiff continued to complain of back and leg pains. Examination by Dr. Habig on October 17, 1979, revealed limitation of back motion to about 60 degrees and discomfort on the left side of the back during straight leg raising examination at 70 degrees. At this examination, Dr. Habig further recommended the resumption of physical therapy and noted that in the event plaintiff's condition did not improve, he should be admitted to the hospital for a myelogram. Dr. Habig thereafter saw plaintiff on November 14, 1979, and December 5, 1979; and, although he noted discomfort in the patient, he felt that the patient was doing better. On December 5, 1979, he concluded the plaintiff could return to light duty but recommended that he stay off of a job which required lifting objects weighing more than 25 pounds, or a job which required frequent bending. It is disputed whether plaintiff was completely discharged by Dr. Habig on December 5th.
After the December 5th date, plaintiff did not return to Dr. Habig, but began treatment under Dr. Nutik, an orthopedist, and Dr. Martin, a neurologist. After lengthy treatment they ultimately recommended a myelogram and CAT scan, believing that it was unlikely that the pain would spontaneously diminish and that surgery would probably be necessary. Plaintiff visited Dr. Nutik beginning January 21, 1980 through September 3, 1980. Although we find some inconsistencies in Dr. Nutik's testimony as to causation, he concludes with the opinion that plaintiff is suffering from *1039 a nerve compression of the L3-4 on the left side, consistent with his complaints of numbness and pain in the left leg. After a review of various X-rays at trial, he concludes "with a good degree of certainty" that plaintiff's pain and discomfort were related to the August 9, 1979 incident. He also feels that surgery may correct his problem, although there exists a possibility that plaintiff might have permanent loss of function in his leg. The trial court found that plaintiff sustained a partial permanent disability as defined in La.R.S. 23:1221(3). We disagree.
Plaintiff argues that the trial court erred in failing to find permanent and total disability under the so-called "odd lot" doctrine. Under that doctrine a compensation claimant is considered totally disabled if his injury makes him an odd lot in the labor market; that is, one capable of obtaining employment periodically but one whose services are so limited in quality, dependability or quantity, that a reasonably stable market for his services does not exist. Lattin v. Hica Corp., 395 So.2d 690 (La. 1981). Substantial pain can prevent gainful employment for wages so as to entitle an injured worker to total disability under the "odd lot doctrine". Wilson v. Ebasco Services, Inc., 393 So.2d 1248 (La.1981). A claimant is partially disabled if he cannot perform the duties of his former employment but can still do other work. La.R.S. 23:1221(3); LeBlanc v. Commercial Union Assurance Co., 349 So.2d 1283 (La.App. 1st Cir.1977); Conlay v. Houston General Insurance Co., 370 So.2d 196 (La.App. 3rd Cir.1979).
Fully realizing that disability is a question of fact which should not be disturbed in the absence of manifest error,[1] we must nonetheless find that plaintiff is totally and permanently disabled within the interpretations handed down by our Supreme Court in Wilson and Lattin, supra. The plaintiff was 58 years old at the time of his injury, and his previous occupation was that of a chef. He received special training in the Navy, and practiced his occupation in many of the restaurants of New Orleans. The uncontroverted testimony of Dr. Nutik in response to a question concerning plaintiff's ability to resume his duties as a chef was:
"Stating that I had previous experience working in a kitchen while I was working through medical school, a chef is involved with lifting heavy pots. He's required to load and unload these pots and pour water in and out of the pots. I feel that he could not, with the back pathology he has, would be able to stand all day even stirring these pots and doing type of work necessary to be a master chef." TR. Vol. II p. 57.
Plaintiff has proved by a preponderance of the evidence that he would not be able to return to any gainful employment without suffering substantial pain, and is therefore entitled to compensation benefits for total disability. If his condition becomes ameliorated because of future surgery, and he is able to find regular employment that does not involve aggravation of the back injury, it would be appropriate for his former employer to seek modification of this judgment. La.R.S. 23:1331.

PENALTIES AND ATTORNEY FEES
The defendant assigns as error the trial judge's finding that its termination of benefits in December of 1979 was arbitrary and capricious. That determination depends primarily on the facts known to the employer at the time of its action and is a question of fact not to be disturbed in the absence of manifest error. Scott v. Sears Roebuck & Co., 406 So.2d 701 (La.App. 2nd Cir.1981).
In the case at bar compensation benefits in the amount of $133.00 per week were originally paid by defendant, until receipt of the December 5, 1979 medical report of Dr. Terry Habig. In that report, Dr. Habig concluded that plaintiff could return to *1040 light duty but should not work at a job which required lifting heavy objects or one which required frequent bending. As a result defendant terminated all compensation benefits and refused to pay any additional medical expenses. Plaintiff then sought additional medical treatment and despite timely submission of medical reports which indicated that plaintiff was still disabled and required medical treatment, defendant failed and refused to tender any additional workmen's compensation benefits or pay any medical expenses.
Dr. Habig's statement that plaintiff was able to return to "light duty" did not discharge defendant from the obligation of paying compensation benefits. The jurisprudence is clear that weekly compensation benefits should not be discontinued when the employer knows that the employee is at least partially disabled. King v. Insurance Company of North America, 288 So.2d 878 (La.App. 3rd Cir.1974). When Maloney Trucking Co. terminated benefits it knew that Jackson was limited to light duty, and was still entitled to benefits under La.R.S. 23:1221(3). See, Morgan v. Lumbermen's Mutual Casualty Corp., 317 So.2d 7 (La.App. 1st Cir.1975); Lachney v. Cabot Corp., 368 So.2d 500 (La.App. 3rd Cir.1979); Brewton v. L.L. Brewton Lumber Co., Inc., 349 So.2d 1364 (La.App. 2nd Cir.1977). We agree that the trial court was correct in concluding the termination was arbitrary and capricious. The awarding of penalties and attorney fees was therefore proper.
The trial court has great discretion in fixing the amount of attorney fees, and we find no reason to disturb the award of $2,000.00 granted below. Carter v. Roy O. Martin Industries, Inc., 336 So.2d 1002 (La. App. 3rd Cir.1976). However, because appellee has been successful in answering this appeal, we will award an additional $500.00 in attorney fees for prosecuting same. See, McClelland v. Liberty Mutual Insurance Co., 180 So.2d 19 (La.App. 2nd Cir.1965); Chavis v. Maryland Casualty Co., 307 So.2d 663 (La.App. 3rd Cir.1975).
Accordingly, for the reasons assigned herein, the judgment of the lower court is hereby amended to award total and permanent disability benefits to plaintiff, as well as increase the attorney fees to $2,500.00. In all other respects, said judgment is affirmed. Appellant, Maloney Trucking and Storage Inc. is cast for all costs of this appeal.
AMENDED, AND AS AMENDED, AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
A rehearing is granted herein for the limited purpose of amending our original decree by providing that defendant, Maloney Trucking & Storage, Inc. is entitled to those credits and reductions provided in La. R.S. 23:1225. Accordingly, this matter is remanded for a determination of those reductions.
NOTES
[1] Crump v. Hartford Accident and Indemnity Co., 367 So.2d 300 (La.1979); Arcenaux v. Domingue, 365 So.2d 1330 (La.1978).