HALL, Judge.
Plaintiff brought suit against his employer and its workmen’s compensation insurer for 400 weeks compensation as for permanent total disability and for statutory penalties and attorney’s fees. (LSA-R.S. 22:658) The District Judge awarded plaintiff 300 weeks compensation as for temporary total disability, subject to a credit for compensation previously paid,'and dismissed his demands for penalties and attorney’s fees. Plaintiff appealed. Defendants neither appealed nor answered the appeal.
Plaintiff contends that the award of compensation should be increased to 400 weeks as and for permanent total disability; and that in addition thereto he should have judgment for statutory penalties and $2,-000.00 attorney’s fees.
Defendants contend that the judgment appealed from is correct and should be affirmed. Defendants therefore concede that plaintiff is totally disabled.
The District Judge, having found that plaintiff was totally disabled at the time of the trial, and no proof having been adduced to show when plaintiff’s disability would terminate, the proper judgment to have been rendered would have been an award of compensation for' the period of plaintiff’s disability not exceeding 400 weeks.
“ * * * Where a worker is totally disabled at the time of the trial and there is no proof to show a definite time in which the disability will terminate, the proper judgment is to award compensation for total permanent dis *99 ability for a period not exceeding 400 weeks. LSA-R.S. 23:1221(2); Cummings v. T. H. Mastin & Co., La.App., 17 So.2d 40.
“If at any time after six months from the rendition of the judgment the incapacity of Dixon diminishes, the defendants have the legal right to apply for a modification of the judgment under LSA-R.S. 23:1331.” Dixon v. T. J. Moss Tie Co., La.App., 70, So.2d 763.
See also: Brown v. Benton Creosoting Co., Inc., La.App., 147 So.2d 89; Moore v. Great American Indemnity Co., La.App., 106 So. 2d 771; Johnson v. W. L. Richeson & Sons, La.App., 53 So.2d 192; Ardoin v. Southern Farm Bureau Casualty Insurance Company, La.App., 134 So.2d 323; Malone-Louisiana Workmen’s Compensation, Sec. 280, p. 354 and the cases cited in note 44.
The remaining question posed for our consideration by this appeal is whether statutory penalties and attorney’s fees should be assessed against the co-defendant insuror.
Plaintiff received a badly broken wrist on March 9, 1961 while working at his job as a helper on a steel bending machine. After hospitalization and treatment he returned to work on April 30, 1961 and was given light duty as a janitor until July 3, 1961. Thereafter he worked as a shear machine operator and as a helper on the shear machine until November 7, 1961 but was experiencing such pain that the company doctor prescribed a leather brace for his wrist. After a week’s lay off he returned to light duty as a janitor on November 16, 1961. On December 7, 1961 he was laid off for lack of available light work. On February 12, 1962 he returned to his job as a shear machine operator, but after a week’s steady work he began to lose time on account of the pain he was experiencing, and on March 9, 1962 his employment was finally terminated. During all of the time he was working he received wages from his employer in excess of $35.00 a week with the exception of the week commencing November 11, 1961 when he received $30.56.
Plaintiff was paid compensation by the co-defendant insurer at the rate of $35.00 per week from the date of his accident on March 9, 1961 through May 11, 1961. Compensation payments were resumed on November 8, 1961 and paid through November 28, 1961; were again resumed on December 8, 1961 and paid through February 11, 1962; again resumed on March 3, 1962 and compensation was still being paid on the date of the trial on March 21, 1962.
Thus plaintiff received compensation from the date of his accident to the date of the trial for each week he did not receive wages from his employer. The co-defendant insurer likewise paid all hospitalization and medical expenses.
Plaintiff contends that the co-defendant insurer acted arbitrarily by failing to pay compensation for the period from May 12 to November 7, 1961 since it had in its possession a report from its own physician, dated May 30, 1961 stating that plaintiff had suffered a permanent percentage loss of use of the hand. Plaintiff argues that the work he performed during this period was dissimilar to the work he was performing when he was injured and that under the jurisprudence he was entitled to collect both wages and compensation, citing Madison v. American Sugar Refining Co., La.App., 134 So.2d 646; Mottet v. Libby-Owens Ford Glass Co., 220 La. 653, 57 So.2d 218; Myers v. Jahncke Service Inc., La.App., 76 So.2d 436. He then argues that since the fact that plaintiff had some disability was not in dispute, the insuror acted arbitrarily in failing to malee any payments, citing Fruge v. Pacific Employers Insurance Co., 226 La. 530, 76 So.2d 719.
We find it unnecessary to decide whether the work performed by plaintiff subsequent to the accident was similar or dissimilar to the work he was performing when injured. The co-defendant insuror is not claiming the weeks worked by plaintiff as a credit *100 against the award. The sole question presented is whether the insuror acted arbitrarily, capriciously or without probable cause in failing to pay compensation from May 12 to November 7, 1961.
Plaintiff testified voluntarily and with the utmost candor that compensation payments were stopped after the week ending May 11, 1961 at his own request, since he did not feel it was equitable to be paid both wages and compensation at the same time. He testified as follows:
“Q. So you received wages for forty hours of work for the week ending May 6, 1961, and wages for forty hours throughout the week ending May 13, 1961 ?
“A. I did.
“Q. You also got paid compensation of $35. a week for those two weeks ?
“A. That’s correct, sir.
“Q. Correct?
“A. It was also stopped because I had talked to Mr. Schaeffer about it and I didn’t think it was right between the two of us.
“Q. Were the wages stopped or the compensation stopped?
"A. The compensation was stopped.
“Q. You thought that that was right that the compensation should be stopped ?
“A. I did.
“Q. Did you tell Mr. Schaeffer that?
"A. I did.
“Q. You didn’t make any demand for compensation ?
“A. No sir. We talked it over and he said he would see about it.
“Q. And your request was that it would be stopped?
“A. I had put it that way, yes.”
In view of this testimony and the fact that, although there had been offers and counter offers of compromise, no formal demand was ever made by plaintiff for specific schedule compensation, we are of the opinion that the insuror’s failure to pay compensation was neither arbitrary, capricious, or without probable cause and that the District Judge properly dismissed plaintiffs demands for penalties and attorney’s fees. See LSA-R.S. 22:658.
For the foregoing reasons the judgment appealed from is amended by increasing the compensation award to 400 weeks as for permanent total disability and as so amended and in all other respects the judgment is affirmed, costs in both Courts to be borne by defendants.
Amended and affirmed.