158 So.2d 892 (1963)
Loudis PARISH, Plaintiff-Appellee.
v.
STANDARD ACCIDENT INSURANCE COMPANY, Defendant-Appellant.
No. 984.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
Rehearings Denied January 7, 1964.
*893 Cook, Clark, Egan, Yancey & King, by Charles D. Egan, Shreveport, for defendant-appellant.
Gerard F. Thomas, Jr., Natchitoches, for plaintiff-appellee.
Before TATE, FRUGEé, and CULPEPPER, JJ.
TATE, Judge.
The trial court awarded the plaintiff workmen's compensation benefits for total and permanent disability, together with statutory penalties because of the arbitrary non-payment of compensation due at the time of suit. The defendant insurer appeals. The plaintiff answers the appeal, praying for an increase in the penalty attorney's fee awarded.
1. Disability.
The plaintiff Parish was employed as a welder's helper by the defendant's insured. His duties required him to stand and walk and move with agility during the entire workday, as well as heavy lifting.
Parish was injured at work when a one-ton machine fell upon his left foot and severely crushed it. The residual from the multiple fractures includes a permanent displacement of one of the bone fragments and an ankylosis (abnormal immobility) of an affected joint. This residual causes a limitation of motion and of flexion.
The medical evidence, corroborated by the lay testimony, proves that, as a result of the permanent foot disability, the plaintiff suffers substantial pain and swelling upon the prolonged use of the foot, such as is required by walking and standing during a normal workday, and that he will continue for an indefinite period to so suffer.
Despite the appellant's argument to the contrary, the trial court was undoubtedly correct under our jurisprudence in awarding the plaintiff compensation for total and permanent disability, since he cannot perform, without substantial pain, the regular and usual duties of the occupation in which the injury was sustained. Reed v. Calcasieu Paper Co., 233 La. 7477, 98 So. 2d 175; Brannon v. Zurich Gen. Acc. & *894 Liab. Ins. Co., 224 La. 161, 69 So.2d 1. This loss of the ability to perform, without substantial pain, work requiring the claimant to be on his feet is considered disabling, whether the claimant's duties as a welder's helper as skilled (Fruge v. Pacific Employers Ins. Co., La.App. 1 Cir., 71 So.2d 625, affirmed, 226 La. 530, 76 So.2d 719) or unskilled (Fontenot v. Goldenstern Pipe and Supply Co., La.App. 1 Cir., 50 So.2d 484). See also Bean v. Higgins, Inc., 230 La. 211, 88 So.2d 30 (welder's helper unable to work without pain).
We therefore affirm the trial court's award for compensation for total and permanent disability.
2. Penalties.
The remaining questions of the appeal concern the award of statutory penalties under LSA-R.S. 22:658. This enactment provides that an insurer which, for more than sixty days after demand, arbitrarily withholds benefits due, is subject to a penalty "of twelve per cent damages on the total amount of the loss * * * together with all reasonable attorney's fees for the prosecution and collection of such loss * * *."
Compensation was terminated on October 26, 1962. Medical reports received thereafter by the insurer indicated continuing disability. Formal demand was made by claimant's counsel for the resumption of compensation payments, which demand also called to the attention of the insurer its liability for penalties because of the arbitrary non-payment of compensation. This suit for compensation was filed on February 11, 1963, to which the defendant filed an answer of general denial, refusing to pay any compensation whatsoever.
The insurer contends that, in the first place, it should not be held liable for penalties at all because it was not arbitrary in terminating the payment of compensation.
At the time the insurer terminated compensation on October 26, 1962, it had no medical information in its possession to show that the claimant could return to full work. There is no evidence to show why the insurer terminated the payments on that date.
In brief, however, the insurer's able counsel alleges several justifications or reasons why penalties should be disallowed. None of them are valid under the jurisprudence:
(1) The circumstance that an orthopedist, examining the claimant two months prior to the termination of compensation, thought the claimant might return to light work, does not excuse the termination of compensation, especially since the orthopedic opinion showed indefinitely continuing disability to do heavy work. Cummings v. Albert, La.App. 1 Cir., 86 So.2d 727.
(2) Nor, if the termination was based upon the claimant's having returned to work for a short time on a trial basis (during which period he suffered severe pain), nevertheless the defendant-insurer was thereafter put on notice of continuing disability through the receipt of undisputed subsequent medical reports to this effect, and the insurer's failure to reinstate compensation then is regarded as arbitrary and as requiring the imposition of penalties. Seal v. Lionel F. Favret Co., 238 La. 60, 113 So.2d 468.
(3) Further, these medical reports (dated November 16, 1962 and November 30, 1962) indicate that at the very least the claimant had a 15-25 per cent partial disability, as well as indicating pain upon prolonged standing or upon working on uneven surfaces. Even if, as counsel suggests, the insurer was entitled at the time to believe it had a good faith defense of partial disability against the claim for total disability, nevertheless the insurer is not exculpated from penalties and cannot be considered in good faith, since it did not tender at least compensation for partial disability. Fruge v. Pacific Employers Ins. Co., 226 La. 530, *895 76 So.2d 719 (a case very similar to the present).
(4) Likewise, the circumstance that, following the termination of compensation, a compromise was discussed with the claimant (and ultimately refused by him on December 3, 1962, when he found he could not work without severe pain), does not justify the insurer's failure to resume compensation, after demand was made by claimant's counsel for such continued payment of compensation following the breakdown of compromise efforts. See Fruge v. Hub City Iron Works, Inc., La.App. 3 Cir., 131 So.2d 593, certiorari denied.
(5) In view of the defendant's general denial of all liability, the fact that less than the full sixty days elapsed between the formal demand and the filing of the suit, is immaterial and does not prevent the imposition of penalties. Darby v. Johnson, La.App. 1 Cir., 118 So.2d 707; Daigle v. Great American Ind. Co., La.App. 1 Cir., 70 So.2d 697, certiorari denied.
The trial court thus correctly assessed the defendant insurer with statutory penalties under LSA-R.S. 22:658 for the arbitrary non-payment of compensation.
Because this penalty statute provides for 12% penalties upon the "total amount of the loss", the trial court judgment provided that the 12% penalties herein should apply to "all compensation benefits hereafter paid under this judgment"that is, not only to compensation payments already overdue or to become overdue, but also to all compensation payments to be made during the entire period of disability.
There is much logic to such interpretation of the statutory penalty provision. In fact, our brothers of the Second Circuit have placed such an interpretation upon the quite similar provision (providing for 12% penalties upon the "total amount of the claim") in the parallel statutory provision penalizing uninsured employers for the arbitrary non-payment of compensation, LSA-R.S. 23:1201.2. Moore v. Pullig, La. App. 2 Cir., 123 So.2d 826.
We here are concerned, however, with LSA-R.S. 22:658, penalizing insurers for arbitrary non-payment. This has been uniformly applied since Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695, as requiring the penalties to apply only to compensation payments then overdue for more than sixty days or thereafter to become overdue for more than such period. See full discussion of question in Redding v. Cade, La.App., 158 So.2d 880. For the reasons there stated, we have decided that the decree herein should be amended so as to limit the 12% penalties to payments overdue more than sixty days.
3. Penalty Attorney Fees.
In addition to the 12% penalties, the trial court awarded $5000 as penalty attorney fees. The appellant insurer contends that this amount is excessive. By answer to the appeal, the claimant prays that it be increased.
The penalty statute provides that reasonable attorney's fees shall be allowed for the prosecution and collection of the claim. LSA-R.S. 22:658.
In fixing the penalty attorney's fee in the amount of $5000, our learned trial brother pointed out that a workmen's compensation claim is of the same general nature as litigation upon a tort claim. In this latter type of claim, the recognized and customary minimum legal fee for a claimant's attorney working on a contingent fee basis is one-third of the amount of the recovery, when trial work is involved. The trial court felt that, since the total amount of the claimant's recovery herein (including the statutory penalty of 12%) is in excess of $15,000, therefore a fee of $5000 appeared to be appropriate and reasonable.
A majority (but not all) of this entire court disagrees with this determination by our trial brother. The reasoning of the majority is that the penalty attorney's fee *896 should be fixed in accordance with the amount of work involved and the amount of the recovery, but that such fee should not necessarily be based upon one-third of the total recovery as in tort suits (which require proof of negligence in addition to proof of the personal injuries). See our more complete discussion of this question in Redding v. Cade, Docket No. 971 of this court, La.App., 158 So.2d 880, in which opinion we also list awards of penalty attorney's fees found in other decisions.
Considering all of the circumstances reflected by the present record, therefore, a majority of this court has decided, in the light of such fees awarded in similar cases, to reduce to $2500 the penalty attorney's fee awarded herein.
Decree.
For the foregoing reasons, the judgment of the trial court is amended so as to reduce the penalty attorney's fee awarded from Five Thousand Dollars to Two Thousand Five Hundred ($2,500) Dollars, and so as to limit the 12% penalties so as to apply only to compensation payments overdue for more than sixty days or which shall hereafter become overdue for more than sixty days. As thus amended, the trial court judgment is affirmed in all other respects.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearings denied.
TATE, J., concurs in the denial of the defendant's application for rehearing but dissents from the denial of the plaintiff's application for rehearing insofar as it complains of this court's action in reducing the penalty attorney's fee awarded from $5000 to $2500. See dissenting opinion of Tate, J., in denial of rehearing in Redding v. Cade, La.App., 158 So.2d 880, rehearing denied this same date.
Frugeé, J., is of the opinion that a rehearing should be granted on question of attorneys' fees.