DOMENGEAUX, Judge.
This is a workmen’s compensation case based upon injuries sustained by the plaintiff, Hardy King, while employed by the defendant, Dresser Industries. Plaintiff was employed as a “chip hauler”, his duties consisting of general janitorial-type work. On February 2, 1971, while so employed, plaintiff received said injuries to his right wrist and hand when, while manipulating a large iron vat filled with steel shavings, his wrist and hand were caught between the vat and a vertical steel beam.
Subsequent to the injury King was sent to a local Alexandria physician, Dr. H. L. Provost, who treated plaintiff for about six weeks, finally releasing him to return to work. Plaintiff thereafter tried to perform his usual duties but because of pain could not effectively use his right hand. As a result he was placed on sick leave of absence on March 2, 1971.
On March 19, 1971, plaintiff went to Huey P. Long Memorial Hospital at Pine-ville where he was examined and x-rays taken. The hospital advised the plaintiff to return to Dr. Provost, which plaintiff did, but the doctor apparently did nothing further for him.
Plaintiff then went to see an Alexandria orthopaedist, Dr. John Weiss, on March 26, 1971. After several injections resulting in no improvement Doctor Weiss recommended “carpal tunnel release” surgery on the wrist and hand. Plaintiff however declined surgery at that time.
Doctor Weiss thereafter forwarded a letter to the co-defendant, Insurance Company of North America [Dresser’s compensation insurer] indicating plaintiff’s disability. Weekly workmen’s compensation benefits at the rate of $49.00 per week were begun on the receipt of the letter, April 20th, in addition to bringing up to date past due benefits.
The following October, 1971, plaintiff went to Dr. Frank Cline in Monroe, who effected an operation on plaintiff’s wrist on October 25th described as a carpal tunnel release and synovectomy of the right wrist. Plaintiff was treated post-opera-tively by Doctor Cline until December 28, 1971, when he was dismissed as able to return to work.
Thereafter, on January 17, 1972, the defendant insurer discontinued compensation benefits based upon a final report, dated *880 January 5th, from Doctor Cline, indicating plaintiff was “capable of doing the same work as before injury” with 15% permanent disability of hand.
As a result of such discontinuance plaintiff filed this suit on March 1st, 1972, praying for total and permanent disability benefits plus medical expenses, as well as penalties and attorney fees under LSA R. S. 22:658.
Plaintiff thereafter continued to experience pain, difficulty, and weakness in his grip of the right hand. Once it became apparent to him that he was getting no relief subsequent to the operation, plaintiff was advised by his attorney to return to Doctor Weiss, which he did on April 13, 1972. On April 19th Doctor Weiss performed the same operation on plaintiff’s wrist as Doctor Cline had attempted.
Doctor Weiss subsequently saw plaintiff on April 26, June 1, 8, 15, and September 6th.
Workmen’s compensation benefits were again resumed during this period on May 1st, 1972, based upon a report from Doctor Weiss. Plaintiff was also subsequently brought up to date for past due benefits. These payments were made through July 6, 1972, and were stopped at that time on the basis of a report dated June 27th from Doctor Weiss indicating plaintiff should have been “able to perform each and every physical function of a janitor without having any substantial pain.” In addition Doctor Weiss stated there should have been no limitations of plaintiff’s activity and no physical impairment.
Plaintiff thereafter did not try to return to his former janitorial duties and did not see a doctor until the day before trial, November 13, 1972, when he was sent by his attorney to be examined by an Alexandria psychiatrist, Dr. Davidson H. Texada, Jr., for possible traumatic neurosis.
Trial was held on November 14, 1972, and judgment was rendered in favor of the defendant, thereby rejecting plaintiff’s demands in the entirety.
Plaintiff has appealed from this judgment asking that this court reconsider the questions of:
(a) whether the plaintiff had recovered from whatever residual disability which may have existed from his injury,
(b) whether penalties and attorney fees should have been granted under LSA R.S. 22:658,
(c) whether defendant-insurer is liable for a $50.00 fee to Dr. D. H. Tex-ada, Jr.,
(d) whether defendant-insurer owes bills to Huey P. Long Memorial Hospital.
The first question presented is whether plaintiff is still partially disabled. The trial judge answered this allegation in the negative and we concur.
It was Doctor Weiss’ testimony, the only physician to testify at trial, that plaintiff had full range of motion in his wrist, no pain upon usage, and that he could return to full work. As formerly indicated Doctor Weiss sent a letter to defendant-insurer on June 27, 1972, indicating plaintiff had no physical impairment and that he should have been “able to perform every physical function of a janitor without having any substantial pain”.
Plaintiff on the other hand offered no medical evidence, other than records from the Huey P. Long Memorial Hospital, to substantiate his claim of disability.
There is also in the record which this court received on appeal, a report by Dr. D. H. Texada, which according to the trial judge stated plaintiff had “a slight decrease in strength in his right hand grip”. This however was not offered or admitted into evidence at trial and therefore should not have been considered by the trial judge and cannot be considered in *881 this court. Ching v. Hotz, 204 So.2d 73 (La.App. 4th Cir. 1967); Hoffpauir v. Hardware Mutual Casualty Co., 192 So.2d 588 (La.App. 3rd Cir. 1966).
For the foregoing reasons we are of the opinion that plaintiff did not sustain his burden of proving his alleged disability.
On the second point raised, plaintiff alleges penalties and attorney fees are due inasmuch as defendant insurer first discontinued benefits on the basis of Dr. Frank Cline’s January 5th report which indicated plaintiff had a 15% permanent disability of the hand.
In order for defendant-insurer to be required to pay penalties and attorney fees under LSA R.S. 22:658 the discontinuance must be found to be arbitrary, capricious, or without probable cause. Defendant’s actions can only be judged upon the facts existing and known to him at the time payments were stopped. These facts must justify discontinuance. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965).
In this case is is clear that the January 5th report of the treating physician Doctor Cline indicated plaintiff could return to his employment at that time, but with a 15% permanent disability of the hand.
It is well established in our law that the insurer cannot cut off weekly compensation benefits when it knows that the employee is at least partially disabled. When it does so, its arbitrary action will subject it to the statutory penalties. Fruge v. Pacific Employers Ins. Co., 226 La. 530, 76 So.2d 719 (1954); Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952); Breen v. Bituminous Casualty Co., 249 So.2d 338 (La.App. 4th Cir.1971); Mitchell v. Connecticut Indemnity Co., 161 So.2d 460 (La.App. 1st Cir. 1963); Parish v. Standard Accident Insurance Co., 158 So.2d 892 (La.App. 3rd Cir. 1963). Nor does the fact that defendant subsequently reinstated benefits as well as paying those past due have the effect of precluding this court from awarding penalties and attorney fees.
If instead of cutting off all compensation payments, the defendant had tendered an amount which it thought to be due for partial disability under LSA R.S. 23 -.1221(4) (o), our decision in this case would have been different. See Chapman v. Travelers Ins. Co., 250 So.2d 248 (La.App. 3rd Cir. 1971).
The defendant however did not offer plaintiff any compensation whatsoever until after suit was filed and a second operation performed, thus forcing plaintiff to litigate although defendant knew or should have known from the January 5th report in its possession that compensation was due for at least partial disability.
For the above and foregoing reasons we are of the opinion that plaintiff should be granted attorney fees. Regarding the amount to be assessed, several factors can be. considered including the amount involved and the degree of skill and volume of work performed by the attorney in the prosecution and collection of the claim. Roberie v. Ashy Construction Co., Inc., 215 So.2d 857 (La.App. 3rd Cir. 1968).
As a result of the development of the case subsequent to filing of the suit, plaintiff took no medical depositions in preparation for trial. Nor was it necessary to call the initial treating and examining physicians as plaintiff was re-operated on after suit was filed. In addition the defendants called the final treating physician, Doctor Weiss, as their witness. Thus, considering the above and in light of other aspects of this particular case the volume of work shown which was necessarily performed in the prosecution and collection of this claim supports only a minimal fee.
In addition we cannot disregard the small amount at issue in this case, which also would support only a minimal fee. Plaintiff received only approximately *882 $1,200.00 in compensation benefits after this suit was filed.
Plaintiff seeks an amount not greater than $1,000.00 as penalty attorney fees, however, for the above stated reasons, we find an award of $750.00 would be appropriate. See Hilliard v. Fidelity & Casualty Co. of New York, 241 So.2d 783 (La.App. 3rd Cir. 1970). Said penalty is to be paid by the defendant insurer, Insurance Company of North America.
Twelve percent penalties also are hereby assessed on the benefits which should have been paid from the date of stoppage, January 17, 1972, until resumption of benefits, on May 1, 1972 (approximately 15 weeks). See Plaisance v. Collins Industries, Inc., 193 So.2d 816 (La.App. 1st Cir. 1966). This is to be computed under LSA R.S. 23:1221 (4) (e) and (o) and LSA R.S. 23:1202 in the following way:
Multiply 65 percent of plaintiff’s weekly wages times percent of disability [15%] =Y amount; if Y amount is less than $12.50 [LSA R.S. 23:1202] then Y amount is $12.50.
Y amount is then multiplied by the number of weeks not paid [15 weeks] times 12 percent = penalties. See Mitchell v. Connecticut Indemnity Co., supra.
The record in this matter however is silent as to the amount of weekly wages the petitioner was earning at the time of the accident. This portion of the case must therefore be remanded to determine plaintiff’s weekly wages and thereafter compute the penalties according to the formula above referred to.
On the alleged fees owed to Doctor Texada it is clear that the doctor’s services were retained by plaintiff’s counsel the day before trial, not for treatment, buy by examination and diagnosis for trial purposes. '
Our jurisprudence is clear that a compensation insurer is not liable for services rendered by physicians to a workmen’s compensation claimant for the purpose of evaluation and preparation for trial in a workmen’s compensation case. Adams v. St. Paul Fire & Marine Insurance Co., 270 So.2d 307 (La.App. 1st Cir. 1972); Langley v. Travelers Insurance Co., 159 So.2d 553 (La.App. 3rd Cir. 1964).
Next we turn to the question of the bill allegedly owed by defendant insurer to Huey P. Long Memorial Hospital for treatments rendered to plaintiff concerning the aforementioned injury. Defendant alleges it was never put on notice by plaintiff or his counsel that the hospital had sent plaintiff a bill for its services or during the trial; nor was any mention ever made of any unpaid bill.
We do however conclude from the record that there is in fact an unpaid bill due Huey P. Long Memorial Hospital. But as pointed out in defendant insurer’s brief, there are numerous charges by the hospital which are not connected with the plaintiff’s injury.
Accordingly, we remand this portion of the case involving the hospital bill to determine the charges connected with plaintiff’s injury which defendant-insurer is obliged to pay. According to the ruling in Times v. Wickman, 261 So.2d 113 (La.App. 4th Cir. 1972), we hereby order that Huey P. Long Memorial Hospital at Pineville, Louisiana, be served with a copy of the petition so it might intervene to recover costs of medical services rendered plaintiff.
For the above and foregoing reasons we reverse the ruling of the trial court in regard to penalties and attorney fees allegedly due and hereby grant the plaintiff attorney fees in the amount of $750.00 to be assessed against the defendant, Insurance Company of North America. In addition, those portions of the case involving penalties and the bill owed to Huey P. Long Memorial Hospital are hereby remanded for proceedings not inconsistent with the opinion herein. Costs, both at trial and on appeal, are to be assessed in equal portions *883 to the plaintiff and defendant insurer. In all other respects the judgment of the trial court is affirmed.
Affirmed in part, reversed in part, and remanded.