294 So.2d 215 (1974)
L. D. GUILLORY
v.
TRAVELERS INSURANCE COMPANY.
No. 54042.
Supreme Court of Louisiana.
April 29, 1974.
William B. Baggett, Baggett, Hawsey, McClain & Morgan, Lake Charles, for plaintiff-applicant.
Robert P. Hogan, Camp, Carmouche, Palmer, Carwile & Barsh, Lake Charles, for defendant-respondent.
SANDERS, Chief Justice.
L. D. Guillory, a boilermaker, brought this action against Travelers Insurance Co., the insurer of his employer, Combustion Engineering, Inc., to recover workmen's compensation for an injury sustained in the course and scope of his employment.
*216 The Fourteenth Judicial District Court rendered judgment for the plaintiff in the amount of $49.00 per week for a period not exceeding 500 weeks, based upon a finding that the plaintiff was disabled from performing his duties as a boilermaker rigger and that such disability has continued uninterrupted since the time of the accident. The Court further awarded the plaintiff penalties and attorney's fees, finding that the defendant was arbitrary and capricious in discontinuing compensation payments from February 3 to July 14, 1972.
On August 20, 1973, the Court of Appeal affirmed the trial court judgment as to compensation, but reversed the award of penalties and attorney's fees. The Court of Appeal concluded that all the medical evidence available to the defendant, at the time the suit was filed, showed that the plaintiff was able to return to work. 282 So.2d 600 (1973).
On application of plaintiff, we granted certiorari, to review the judgment of the Court of Appeal rejecting penalties and attorney's fees. La., 285 So.2d 541 (1973).
The pertinent facts are as follows:
Guillory was injured on August 12, 1971, while working for Combustion Engineering, Inc. A heavy board fell on him, striking the left side of his head and left shoulder. His injuries consisted of comminuted fractures of the left clavicle, a fracture of the left distal acromion, multiple contusions about the shoulder, neck and upper back, and a scalp laceration.
Plaintiff was hospitalized and treated for about one week immediately after that accident occurred. Following his discharge from the hospital, he continued to receive medical treatment on an outpatient basis. On February 9, 1972, he was discharged by Dr. William Akins, his treating physician. At that time the physician estimated that plaintiff had a ten to fifteen percent permanent partial disability. The employee was advised, however, that surgery would probably be needed within a year.
Dr. Akins examined plaintiff again on March 13, 1972, because of his complaints of continuing pain, and he determined at that time that the broken pieces of the collarbone had healed into two major fragments, but that there was no union between those fragments. He stated that such a condition can cause significant pain. He concluded that Guillory was disabled, and he recommended that he submit to surgery for the excision of the outer portion of the collarbone, from the site of the non-union of the fracture to the outside portion of the shoulder. Substantially the same type of surgery was recommended by another doctor who examined plaintiff later at the request of defendant.
The recommended surgery was tendered to plaintiff by Travelers on July 24, 1972, and on at least three other occasions shortly after that date. Guillory refused to submit to surgery, however, and upon application of defendant a rule was issued directing plaintiff to show cause why he should not be ordered to submit to the recommended surgery, under the penalty of forfeiting his right to further compensation benefits, with a credit to be allowed Travelers for compensation benefits paid from July 24, 1972, to date. That rule was referred to the merits and in due course the case was tried.
Both lower courts concluded that Guillory was not unreasonable in refusing to submit to the recommended surgery.
Louisiana Revised Statutes Title 22, Section 658, provides for the imposition of penalties and attorney's fees when the failure to pay workmen's compensation insurance "[is] arbitrary, capricious, or without probable cause."
The sole issue in the present case, therefore, is whether defendant's action in discontinuing workmen's compensation was arbitrary, capricious, or without probable cause.
*217 The purpose of this penalty provision is to deter insurers from unjustified termination of payments to injured employees during the period of their distress. Poindexter v. South Coast Corp., La.App., 204 So.2d 615 (1967). The penalty provision is stricti juris. Penalties should be imposed only in those instances in which the facts negate probable cause for nonpayment. Hebert v. South Louisiana Contractors, Inc., La.App., 238 So.2d 756 (1970); Chase v. Warren Petroleum Corp., La.App., 168 So.2d 861 (1964).
It is necessary to review the facts surrounding the discontinuance of payments, in order to determine if the action was justified. Lee v. Smith, 248 La. 16, 176 So.2d 413 (1965). In the event that there exists a substantial issue as to whether the disabled workman is entitled to compensation benefits, penalties should be denied. Hull v. Liberty Mutual Ins. Co, La.App., 236 So.2d 847, cert. ref. 256 La. 862, 239 So.2d 361 (1970); Moore v. Great American Ind. Co., La.App., 106 So.2d 771 (1958).
Although the injured employee may not be totally disabled, if he is partially disabled, the insurer may be assessed penalties for the termination of compensation. Breen v. Bituminous Cas Co., La.App., 249 So.2d 338 (1971); Parish v. Standard Acc. Ins. Co., 158 So.2d 892 (1963).
In the instant case, the plaintiff's injury of August 12, 1971 consisted primarily of "a comminuted fracture of the left clavicle and a fracture of the distal acromion on the left side." Dr. White administered to the plaintiff in the emergency room, shortly after the accident. Thereafter, the plaintiff was referred to Dr. Akins, an orthopedic specialist. Dr. Akins was of the opinion that the injury would heal in time, but if it did not, then surgery would be required.
The parties stipulated that on February 3, 1972, the defendant terminated compensation benefits. This action took place six days before the plaintiff's visit to Dr. Akins, wherein Dr. Akins diagnosed the plaintiff as having a ten to fifteen percent permanent partial disability. At this time, on February 9, 1972, the plaintiff was released for work, but was notified that surgery would probably be required within a year. Although the testimony of the circumstances surrounding the termination of payments is somewhat cloudy, it appears that Dr. Akins informed defendant's agent by telephone of the permanent partial disability.
This suit for workmen's compensation was filed on February 22, 1972. The plaintiff was suffering pain and returned to Dr. Akins on March 21, 1972. At that time, the physician recognized that the fracture was not healing and that surgery would be necessary. Mr. Guillory then visited Dr. Ambrister, at the request of the insurance company. It was Dr. Ambrister's opinion that the plaintiff was suffering from a twenty percent disability. Compensation was reinstated on July 14, 1972. However, no compensation was paid for the period from February 3 through July 14, 1972.
Assuming, without deciding, that the conditions were such on February 3 to warrant termination of benefits, it is apparent that as of February 9 the plaintiff's condition was such as would necessitate payment of compensation benefits. No doubt existed as of February 9, 1972, that the plaintiff had a compensable permanent partial disability. The release to work was on a trial basis and, initially, restricted to ground duty. This condition, of course, existed at the time the suit was filed. Thus, the defendant disregarded the facts in cutting off the compensation payments for more than five months. As stated by this Court in Fruge v. Pacific Employers Ins. Co., 226 La. 530, 76 So.2d 719 (1954):
"If instead of cutting off all compensation payments the defendant had tendered to the plaintiff an amount which it thought to be due for partial disability, our decision in this case might be different. The defendant, however, did not *218 offer plaintiff any compensation whatever and thus forced plaintiff to litigate although the defendant knew from the medical reports in its possession that compensation was due for at least partial disability."
We conclude that the discontinuance of compensation benefits from February 3, 1972 until July 14, 1972 was without probable cause. Hence, the Court of Appeal erred in rejecting penalties and attorney's fees.
For the reasons assigned, the judgment of the Court of Appeal, rejecting penalties and attorney's fees, is reversed and the judgment of the District Court is reinstated and made the judgment of this Court. All costs are assessed against the defendant.
DIXON, J., concurs.