DUPLANTIER, Judge.
Two issues are presented by plaintiffs appeal from a trial court judgment awarding him the minimum amount of $17.50 per week for 100 weeks[1] for workmen’s compensation and rejecting his claim for penalties and attorney’s fees:
(1) When the undisputed medical evidence is that plaintiff has 10% permanent partial disability of the low back region as a result of a surgical removal of a ruptured lumbar intervertebral disc, should the trial judge’s award of the minimum provided by the “schedule” (LSA-R.S. 23:1221(4)(p)) for serious permanent impairment of a physical function be disturbed?
(2) Is plaintiff entitled to penalties and attorney’s fees even though the employer’s insurer prior to suit offered in full settlement of plaintiff’s claim a larger sum than that ultimately awarded?
Plaintiff made a very satisfactory recovery from the surgery, returned to his work as a welder for his same employer about seven months after his injury, and worked steadily thereafter for over a year until the date of trial. It is clear that his only claim is for physical impairment; in fact, his only contention on appeal is that the degree and nature of his disability entitles him to a greater weekly amount than the minimum awarded by the trial judge.
The pertinent portion of the workmen’s compensation statute (“. . . the court may allow such compensation as is reasonable . . . ”)[2] leaves much discretion to the trial judge. There is little if any evidence in this case as to extent to which the 10% medical disability rating translates into actual impairment of a physical function. Thus, there is no basis for disturbing the trial court’s discretionary award.
However, we conclude that the trial court was in error in dismissing plaintiff’s claim to penalties and attorney’s fees, and we amend the judgment accordingly.
While, as previously mentioned, the extent of plaintiff’s physical function impairment may not be extreme, there was never any doubt that as a matter of fact plaintiff has a permanent 10% disability of the low back nor that as a matter of law such a disability seriously permanently impairs the usefulness of a physical function. Thus, the insurer’s failure to pay the minimum weekly benefits awarded by the trial court was arbitrary and without probable cause; penalties and attorney’s fees are therefore due under LSA-R.S. 22:658.
Subsequent to the receipt of the medical report evaluating plaintiff’s permanent disability, defendant offered to compromise plaintiff’s claim for $2,000, in addition to the weekly compensation previously paid. The proposed settlement was filed for court approval in a court other than that in which this suit was later filed. The compromise was rejected by the court. In order to avoid penalties, defendant should have at that point commenced minimum weekly compensation payments for a “schedule” disability. The tender, in full settlement of plaintiff’s potential claim, of a greater amount than the amount later judicially determined to be due cannot serve to relieve the insurer from the assessment of penalties for failure to pay a lower amount undoubtedly due, for the tender was conditioned upon plaintiff releasing a right to claim a greater sum.[3]
The judgment of the district court is therefore amended so as to award plaintiff, in addition to the amount of the district court judgment, the sum of $105 as penalty (12% of $875, the total net amount of compensation due him), plus the sum of $600 as attorney’s fees.

AMENDED.

. Subject to a credit of $875 for workmen’s compensation paid to plaintiff at the maximum rate of $65 per week during the period in which he was unemployed due to his injury.

. LSA-R.S. 23:1221(4)(p).

. Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719 (1954); Guillory v. Travelers Insurance Company, La., 294 So.2d 215 (1974), and cases cited therein.