LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting his demands under our Workmen’s Compensation Law for penalties and attorney’s fees allegedly due for defendants’ (Appellees’) arbitrary refusal to provide an advance hospital deposit required for treatment of a compensable inju *595 ry. The trial court ordered Appellees (Appellant’s employer and the employer’s insurer) to provide the deposit, but declined to award penalties and attorney’s fees. Ap-pellees have neither appealed nor answered Appellant’s appeal and have acquiesced in the judgment by making the deposit as ordered. We affirm.
There is no factual dispute. On January 10, 1976, Appellant sustained a back injury during the course and within the scope of his employment by Copolymer. Appellant was initially treated by Dr. Lloyd G. Perez, who referred Appellant to Dr. William L. Fisher, a neurosurgeon. On May 13, 1976, Dr. Fisher reported that Appellant “. . . may well have a protruded lumbar disc”. A myelography performed by Dr. Fisher proved negative. Appellant was hospitalized for conservative treatment and discharged with a diagnosis of “probable degenerative disc disease”.
On August 9,1976, Appellant was seen by Dr. Moss Bannerman, orthopedist. Dr. Bannerman also saw Appellant on November 9, November 30, and December 14,1976. Appellant was last seen by Dr. Bannerman on January 3, 1977, on which date Dr. Ban-nerman recommended further evaluation by Dr. Fisher.
On January 11, 1977, Dr. Fisher arranged for a myelogram which was found to be within normal limits. Dr. Fisher continued Appellant on conservative treatment. In a report dated February 15, 1977, Dr. Fisher declined to perform surgery because, despite Appellant’s complaints of pain, he felt surgery at that time would be purely exploratory. On April 21, 1977, Dr. Fisher re-examined Appellant and again reported he did not feel surgical intervention was warranted.
On May 26, 1977, Appellant, on recommendation of relatives and friends, consulted Dr. Homer D. Kirgis, Neurosurgeon, Osch-ner Clinic, New Orleans, Louisiana. Dr. Kirgis issued a report dated June 2,1977, in which he stated:
“It is my belief Mr. Whitaker had a ruptured lower lumbar intervertebral disc which is in a position not demonstrable by myelograph. It is my belief that the symptoms and findings warrant surgical treatment and if a satisfactory explanation is not found, a spinal fusion should be performed.”
Dr. Kirgis’ report was communicated to Liberty Mutual which declined to pay a deposit of $450.00 required for Appellant’s admission to Oschner Clinic for the recommended surgery. It is conceded that Appellant has been paid compensation benefits since the accident and also that all prior medical expense incurred in treatment of Appellant’s injury has been paid by Appel-lees.
Under the procedural posture of this case, we are not concerned with the propriety of the judgment ordering Appellees to make the deposit. Since Appellees have neither appealed nor answered the appeal and have acquiesced therein by making the deposit, the judgment has become final. The sole issue before us is whether Appellant is entitled to penalties and attorney’s fees.
Appellant properly contends that an insurer who arbitrarily refuses to pay medical costs incurred in treatment of a compensa-ble injury is liable for penalties and attorney’s fees. La.R.S. 22:658.
On authority of Zeringue v. Fireman’s Fund American Insurance Company, 271 So.2d 613 (La.App. 1st Cir. 1972), Appellant urges that Appellees should be held liable for penalties and attorney’s fees because Appellees’ disagreement with Dr. Kirgis’ report does not justify failure to advance the hospital deposit required for treatment which Dr. Kirgis recommended.
The trial court noted that all prior jurisprudence held that an insurer is not required to pay future medical expense or any such expense which has not been incurred, and that the issue posed herein is res nova. The trial court concluded, however, that the statute requires an employer to furnish all necessary medical treatment; therefore, if treatment can be obtained only by a commitment for advance payment, expense has already been incurred and the employer is liable therefor. The trial court also found *596 that Appellant’s desire for surgery was not frivolous and in view of the required liberal interpretation of our Workmen’s Compensation Law, the prospective surgery should be deemed necessary. In rejecting Appellant’s demands for penalties and attorney’s fees, the trial court reasoned that Appellees’ refusal was not arbitrary or capricious in view of the novelty of the issue presented and the absence of prior jurisprudence on the subject.
Appellees contend the trial court properly denied penalties and attorney’s fees herein because the judgment ordering Appellees to make the advance hospital deposit is contrary to all prior case law which has limited liability to incurred medical expense. In support of this position, Appellees cite Harris v. Argonaut Insurance Company, 142 So.2d 501 (La.App. 2d Cir. 1962); Lyons v. Swift and Company, 86 So.2d 613 (La.App. 2d Cir. 1956); Wilson v. New Amsterdam Casualty Company, 86 So.3d 556 (La.App.Orl.1956); and cases therein cited.
The penalty provisions of La.R.S. 22:658 are stricti juris and should be imposed only in instances in which the attending circumstances indicate lack of probable cause for non-payment. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974), and authorities therein cited.
In this instance, there existed serious legal question as to Appellees’ liability for the deposit or advance in question. We also note a dispute between apparently equally competent medical authority as to the necessity for the. treatment proposed. Under such circumstances, we find no error of fact or law in the trial court’s determination that refusal to make the deposit was neither arbitrary nor capricious.
The judgment is affirmed at Appellant’s cost.
Affirmed.