SCHOTT, Judge.
In this worker’s compensation case plaintiff was awarded benefits for a partial disability of his hand pursuant to LSA-R.S. 23:1221(4)(e). Plaintiff has appealed seeking penalties and attorney’s fees pursuant to R.S. 23:1201.2 and R.S. 22:658. The issue is whether defendant’s refusal to pay compensation benefits was arbitrary or capricious (entitling plaintiff to penalties and attorney’s fees) where defendant had medical reports that plaintiff suffered a partial disability of his thumb but had no report that he suffered a disability of the hand.
While dusting furniture for defendant on September 8, 1982 plaintiff suffered an injury when he jammed his thumb between two desks. On September 11 defendant’s operation manager sent him to a local hospital emergency room where x-rays were taken and a cast was applied to the thumb. On September 15 he was examined by an orthopedist who diagnosed a stretching or stress of the ulnar collateral ligament with resulting instability of the metacarpal phal-langial (MP) joint. This condition is sometimes known as “game keeper’s thumb” because it was a common affliction of game keepers who subjected their MP joints to excessive stress by constantly twisting birds’ necks to kill them. The cast remained on plaintiff’s thumb and wrist for about a month and he was subsequently put on physical therapy for several weeks.
In January 1984 plaintiff was sent by defendant to Dr. Ray Kitziger, an orthopedist. He reported to defendant that plaintiff had a five percent permanent disability of the thumb. However, at trial in September, 1984 he testified this was an error in that he meant to say plaintiff had a five percent permanent disability of the hand.
Since defendant had uncontradicted medical advice that plaintiff had a partial disability of the thumb its failure to tender compensation benefits for that injury was arbitrary, capricious or without probable cause even though plaintiff was later found to be entitled to greater benefits and even though defendant was not liable for penalties for failing to pay the greater benefits. Fruge v. Pacific Employers Insurance Company, 226 La. 530, 76 So.2d 719 (1954); Johnson v. Guastella Const. & Realty Co., 338 So.2d 747 (La.App. 4th Cir.1976), writs refused 341 So.2d 403; Breen v. Bituminous Casualty Company, 249 So.2d 338 (La.App. 4th Cir.1971).
In this court defendant argues that it had a bona fide question as to whether plaintiff suffered an on-the-job injury. The record does not support this argument. Defendant’s operations manager did not raise this question when he sent plaintiff to *212 the hospital and his expressed reason for not paying plaintiff compensation was his belief that plaintiff was able to work even while disabled.
We have concluded that plaintiff is entitled to twelve percent penalties on the benefits which would have been due him for a five percent permanent disability of the thumb, i.e., on $61 per week for fifty weeks as per R.S. 23:1221(4)(a), or $366. Plaintiff is entitled to this amount with legal interest from January 31, 1984, the date defendant received notice of plaintiff’s five percent disability of the thumb. Furthermore, plaintiff is entitled to attorney’s fees of $2,000 which we deem to be a reasonable and appropriate amount in this case.
Accordingly, the judgment appealed from is affirmed but amended to add to plaintiff’s judgment statutory penalties in the amount $366 plus legal interest from January 31, 1984 until paid together with attorney’s fees $2,000.
AMENDED AND AFFIRMED.