663 So.2d 325 (1995)
Glenn MECHE, Plaintiff-Appellant,
v.
FOREMOST MANAGEMENT CORPORATION, Houston General Insurance, Defendants-Appellees.
No. 95-238.
Court of Appeal of Louisiana, Third Circuit.
October 4, 1995.
Rehearing Denied December 14, 1995.
*326 Michael Benny Miller, Crowley, for Glenn Meche.
Charles V. Musso Jr., Lake Charles, for Foremost Management Corporation, Houston General Insurance.
Before COOKS, WOODARD and AMY, JJ.
WOODARD, Judge.
In this worker's compensation case, plaintiff appeals the hearing officer's judgment (1) ordering him to sign a Receipt, Release and Satisfaction of Judgment in acceptance of a draft tendered by defendants in conformity with a final judgment from the Office of Worker's Compensation and the Third Circuit Court of Appeal; (2) denying his motion to file a certified copy of the final judgment with the Clerk of Court in East Baton Rouge Parish; and (3) denying his request for attorney's fees and penalties.

FACTS
On July 30, 1990, plaintiff, Glenn Meche, who was employed by defendant, Foremost Management Corporation, injured his left ankle during the course and scope of his employment. Meche subsequently brought suit against Foremost and its worker's compensation insurer, Houston General Insurance Company, requesting appropriate benefits. On June 18, 1993, the hearing officer rendered judgment in favor of Meche, and awarded him supplemental earnings benefits (SEB) beginning March 11, 1991. Defendants then filed a suspensive appeal with this court. We affirmed the judgment of the hearing officer in Meche v. Foremost Management Corp., 93-1390 (La.App. 3 Cir. 05/04/94), 640 So.2d 585.
On May 27, 1994, defendants issued a draft made payable to Meche for $37,817.26, representing the past due SEB benefits that they owed him. However, defendants conditioned the negotiation of the draft upon Meche signing a document authored by defendants, entitled "Receipt, Release and Satisfaction of Judgment"; Meche refused to negotiate the draft as conditioned, ultimately returning the check to defendants when they refused to remove the condition. Meche refused to sign *327 the document because he did not know if the amount tendered was correct and because he believed it to be prohibitive for a judgment debtor to tender payment conditionally.
Defendants then filed a Rule to Show Cause why Meche should not be ordered to sign it. Meche responded by filing a dilatory exception of prematurity, a motion for attorney's fees and penalties, and a motion and order to file a certified copy of the final judgment in the Clerk of Court's office for the Parish of East Baton Rouge. A hearing on these motions was held on July 30, 1994. The hearing officer, in granting defendants' Rule to Show Cause and in denying all of Meche's motions, found that: (1) Meche should be required to sign the Receipt, Release and Satisfaction of Judgment because it "is a standard practice in the legal community that a document is exchanged between the parties when money is exchanged"; (2) since "a document should be executed between the parties reflecting an acknowledgment or satisfaction of judgment, then an enforcement of judgment through legal proceedings by filing the judgment with the clerk of court's office is not necessary"; and (3) defendants did not act arbitrarily and capriciously in handling Meche's claim because they "acted in good faith in attempting to satisfy the judgment."
Meche appeals from that judgment and asserts that the hearing officer erred in (1) ordering him to sign the Receipt, Release and Satisfaction of Judgment; (2) refusing to file a certified copy of the June 18, 1993 judgment with the Clerk of Court's office in East Baton Rouge Parish; and (3) failing to award attorney's fees and penalties.

LAW
We begin by first noting that Houston General owes Meche under a judgment rendered by the hearing officer and affirmed by this court, and not pursuant to a settlement voluntarily arrived at between the parties. As judgment debtor, Houston General is obligated to unconditionally tender payment of the judgment, as required by law, and to explain to Meche how it arrived at the figures it did.
Houston General did not unconditionally tender nor did it explain how it arrived at the figures it did, at least not before litigation commenced. It clearly conditioned its payment on Meche signing a receipt, release, and satisfaction of judgment, and not merely a receipt acknowledging he was paid a certain sum by the defendant in payment of the judgment, as clearly evidenced by the following excerpt in the correspondence from Houston General's attorney to plaintiff's attorney: "As usual, it is our understanding that you will not permit the endorsement nor negotiation of this settlement draft until the settlement papers have been properly executed and court approved." (Emphasis supplied.) The settlement referred to sought Meche's acknowledgment that the payment in question represented "full and final satisfaction" of "payment of back workers' compensation benefits and judicial interest [without providing any computations] ..., and in consideration for ... aforesaid amounts, does, hereby release, acquit and forever discharge [defendants] from any and all claims... for past workers' compensation benefits...."
A final judgment is immediately exigible in full. McKinney Saw & Cycle v. Barris, 626 So.2d 786 (La.App. 2 Cir.1993). Defendants cite no authority on point to justify its position. It claims that it is the custom to obtain a document like the one it sought when a judgment is paid. That, however, is a mere assertion, as it was not litigated at trial, and is thus not properly before this court.
Thus, we reverse the hearing officer as to this issue.

FILING THE JUDGMENT WITH THE CLERK OF COURT
We find that the hearing officer's ruling, denying Meche the right to record the judgment, was manifestly erroneous and reverse.
According to La.R.S. 23:1317(B), "[t]he judgment rendered shall have the same force and effect and may be satisfied as a judgment of a district court." Louisiana law clearly allows for a copy of a judgment by the trial court to be filed to create a judicial *328 mortgage. La.C.C. arts. 3300, 3321(2) and comment (b).
Thus, we find merit in this assignment and reverse the hearing officer.

ATTORNEY'S FEES AND PENALTIES
Meche argues that the defendants were arbitrary and capricious, both in failing to pay the hearing officer's judgment of June 18, 1993, and for failing to unconditionally tender payment after this court's judgment became final. He asserts that the penalty provisions of the worker's compensation law, therefore, entitles him to a 12% penalty on the judgment entered on June 18, 1993, a 24% penalty on the total of the final judgment after appeal, and to reasonable attorney's fees.
A worker's compensation claimant is not entitled to attorney's fees and penalties unless the employer acts arbitrarily and capriciously in handling the employee's claim. Gary v. D.E. Page Const., 93-1266 (La.App. 3 Cir. 5/4/94), 640 So.2d 523. The hearing officer has great discretion in awarding attorney's fees and penalties, and his or her decision will not be disturbed in the absence of manifest error. Dietz v. Guichard Drilling Co., 626 So.2d 79 (La.App. 3 Cir.1993).
In the case sub judice, Meche requested attorney's fees and penalties at the original trial on the merits of his benefits claim. The hearing officer found that defendants did not act arbitrarily or capriciously. Thus, Meche was not, and is not, entitled to 12% penalties for failure to pay benefits "without an order" under La.R.S. 23:1201(E). In fact, Meche emphasizes that he is not asking for penalties and fees for defendants' actions prior to judgment of the hearing officer on June 18, 1993. He only asks for penalties after the judgment.
If payment of benefits under the terms of a judgment is not made within thirty days of when it is due, Meche is entitled to 24% penalties or $100.00 per day, whichever is greater, but payment is not due until after the judgment becomes final and nonappealable. La.R.S. 23:1201(F). The statute makes it very clear that the "penalty-free" time in which a defendant has to make payment is held in abeyance by an appeal. This is implicit in the words "final, nonappealable judgment," and explicit in the phrase "unless the order [of the hearing officer] is appealed as provided by law." Thus, penalties did not even come into play until after the judgment of this court became final and nonappealable under the rules of civil procedure. See also, Wex S. Malone & H. Alston Johnson, III, Workers' Compensation Law and Practice § 389 in 14 Louisiana Civil Law Treatise (3d ed. 1994). Plaintiff misstates the law in this area and cites legal authority that predates current statutory provisions.
However, we agree that the hearing officer abused her discretion and that Meche is entitled to penalties under 23:1201(F) for not making payment timely after this court's judgment became final. Houston General's tender, as discussed above, was clearly conditional. No unconditional tender was ever made; thus, timely tender has never been made. To avoid penalties, there must be an unconditional tender. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985 (La.1976). That Houston General would have paid Meche more than he was due is irrelevant. The incontrovertible fact is that defendants refused to tender unconditional payment of a judgment. Lopez v. Commercial Union Assur. Companies, 353 So.2d 431 (La.App. 4 Cir.1977).
We also note that the defendants have never even begun paying weekly benefits, which it also undisputedly owes. Nor do the defendants explain why they could not have made payment and sought a court ruling and an order, if necessary, to resolve the matter. The back payment amount could even have been placed in the registry of the court to stop interest from running.
We, therefore, reverse the hearing officer. Meche is entitled to 24% penalties from when the retroactive payment became due after the judgment of this court became final. Furthermore, he is entitled to interest from the date each installment became due, Hall v. McDonald Insulation, 537 So.2d 328 (La. App. 1 Cir.1988), a full and thorough explanation by the defendants of how they arrive at their figures, and, as payment was not unconditionally tendered within 60 days of when it was due, attorney's fees. La.R.S. 23:1201.2.
*329 We find that the defendant's course of action in this affair was arbitrary, capricious, or without probable cause, especially if one considers, as noted above, that the defendants had other avenues of recourse of which they could have availed themselves, such as obtaining a satisfaction and cancellation of judgment from the court, which would not have resulted in the unnecessary delay of just recompense to the plaintiff. Meche has been awaiting his first payment of benefits since our decision affirming the hearing officer, some sixteen months ago, and he will only receive those benefits after protracted litigation, in which his attorney displayed unusual skill and resolve in addressing complex and subtle issues of a novel sort. We therefore award reasonable attorney's fees of $4,000.00 for the attorney's efforts on Meche's behalf.

CONCLUSION
For the reasons assigned, the judgment of the administrative hearing officer ordering plaintiff to sign a Receipt, Release and Satisfaction of Judgment in exchange for settlement payment is reversed. Defendants are ordered to tender unconditional payment of all retroactive benefits, with an explanation of how the payment figures were computed, and to forthwith begin paying installment benefits. The judgment of the hearing officer refusing to award plaintiff penalties and attorney's fees for defendant's failure to pay the judgment timely after it became final and nonappealable, is affirmed in part and reversed in part. Defendants are ordered to pay 24% penalties on all payments due, with interest, and $4,000.00 reasonable attorney's fees. The judgment of the hearing officer, denying plaintiff's motion to file a certified copy of the final judgment with the clerk of court of East Baton Rouge Parish, is reversed.
Costs of this appeal are assessed to the defendant-appellee.
AFFIRMED IN PART; REVERSED IN PART.