ELLIS, Judge:
Plaintiff Linda B. Dodd, now wife of Ollie T. Perry, fell and injured her knees on May 15,1977, while in the employ of United States Textures Sales Corporation, also known as Nicolon Corporation. She saw Dr. James Thomas Kilroy, an orthopedist, on May 17, 1977. Dr. Kilroy treated plaintiff conservatively for about 11 months for chondromalacia of both knees. Plaintiff continued her employment with United States Textures until January 1,1978, when she went to work for another employer. She missed no work with either employer until April 13, 1978, when Dr. Kilroy found her condition had become bad enough to warrant surgery.
Dr. Kilroy operated on plaintiff’s left knee on April 26, 1978, and she commenced physical therapy on that leg on May 10. By August 29, 1978, Dr. Kilroy found she had good strength in the left knee, and smooth motion in the joint, and that she was much improved.
On September 5, 1978, Dr. Kilroy operated on plaintiff’s right knee. She commenced physical therapy on October 18. On *1237 February 9, 1979, plaintiff had full unrestricted motion of her right knee, but was still experiencing weakness in both knees. Further exercise was recommended to build strength in both knees. On February 14, 1979, Dr. Kilroy wrote that plaintiff could return to work so long as she did no excessive climbing or kneeling.
On October 29, 1979, Dr. Kilroy found that plaintiff had no grinding in either knee, but that she had weakness in both legs. He was of the opinion that it was obvious that plaintiff had not been doing her exercises. He felt that, if she started the exercises, she could be at maximum strength within three weeks, and that she could do anything she desired, except excessive kneeling.
This case was first tried on November 15, 1979, and the matter submitted. Prior to decision, however, plaintiff had further difficulty, and the matter was re-opened.
The record shows that in December 1979, plaintiff developed a neuroma, as a result of her surgery. This was removed surgically on January 22, 1980. Plaintiff developed phlebitis from the surgery, which was cleared up. Another operation for surgical closure of her scars was performed, and plaintiff thereafter developed suture abscesses. By February 27, 1980, plaintiff was once again able to resume therapy. Dr. Kilroy was of the opinion that, with exercise, she could regain maximum strength in two or three weeks. However, in August 1980, Dr. Kilroy found plaintiff’s legs still weak, due to her failure to exercise. He was of the opinion that she could return to work without limitation, except for excessive kneeling.
Mrs. Perry testified that she had always done her exercises, and that, despite this, her knees continued to be painful and to swell with use, and that her activities were limited thereby. She testified that she was still unable to perform some of her duties with United States Textures.
Mrs. Perry was paid compensation benefits from May 2,1978, through February 19, 1979, totally $4,085.00. Compensation payments were stopped based on Dr. Kilroy’s letter of February 14, 1979. - Further compensation of $1,805.00 was paid, covering the period from January 22 through June 2, 1980. Apparently, this amount was paid in a lump sum by check of August 12, 1980.
This suit was filed against United States Textures, Nieolon Corporation and Maryland Casualty Company, their insurer, for benefits for permanent total disability and for penalties and attorney’s fee. After trial on the merits, judgment was rendered, dismissing plaintiff’s case and she has appealed.
In this court, she urges that the judge erred in accepting the medical testimony and disregarding the lay testimony as to plaintiff’s disability. It is also argued that defendants should be condemned to pay penalties and attorney’s fees on the amount of $1,805.00, because the record reflects that it was paid long after plaintiff’s additional disability was known to defendants.
We have reviewed the record carefully and find no manifest error in the finding of the trial judge that plaintiff is due no further compensation. The medical evidence is unrebutted, and the trial judge’s evaluation as to credibility, and as to the effect to be given to the evidence is entitled to great weight.
As to the demand for penalties and attorney’s fees, we find that no written demand for compensation was made during or after the second period of disability, which happened after the original trial on the merits. The defendant did not refuse to pay either compensation or medical, so that there was only a passive failure to pay. Under those circumstances, written demand is necessary before penalties and attorney’s fees may be exacted. R.S. 22:658; Breaux v. Marine Elec. & Reliance Ins. Co., 369 So.2d 196 (La.App. 3rd Cir. 1979), writ denied 371 So.2d 1344 (La.1979).
The judgment appealed from is therefore affirmed, at plaintiff’s cost.
AFFIRMED.