420 So.2d 1101 (1982)
William STRACENER
v.
UNITED STATES FIDELITY & GUARANTY COMPANY.
No. 82-C-0565.
Supreme Court of Louisiana.
October 18, 1982.
William B. Baggett, Baggett, McCall, Singleton & Ranier, Lake Charles, for applicant.
Richard B. Cappell, Raggio, Cappell, Chozen & Berniard, Lake Charles, for respondent.
MARCUS, Justice.
William Stracener instituted this action for workmen's compensation against his employer's insurer, United States Fidelity & Guaranty Company, to recover benefits for a personal injury by accident arising out of and in the course of his employment with Nichols Construction Company on February 4, 1980. He alleged that the injury produced a permanent total disability. He also sought penalties and attorney fees.
*1102 The trial judge rendered judgment in favor of plaintiff and against defendant awarding compensation under La.R.S. 23:1221(4)(e)[1] for the loss of a hand at the rate of $148 per week beginning February 4, 1980 for a period of 150 weeks, subject to a credit for compensation previously paid.[2] Penalties and attorney fees in the amount of $1,000 were also awarded. Plaintiff appealed. The court of appeal amended the judgment of the district court by reducing the amount of weekly compensation from $148 to $139.34;[3] otherwise, the judgment was affirmed.[4] On application of plaintiff, we granted certiorari to review the correctness of that decision.[5]
The record reveals that William Stracener, age 58, was employed by Nichols as a boilermaker foreman at the time of the accident on February 4, 1980. He had worked as a boilermaker since 1941 (some 39 years). He was classified as a boilermaker journeyman by the Boilermaker Local 79 (a local union of which he was a member). He possessed journeyman skills as a layer out worker, fitter, rigger, tube roller, burner, chipper and caulker, tray worker and tank builder. The accident occurred when his right thumb got caught between a tube and a tube support. This resulted in the amputation of the distal phalanx and a partial removal of the proximal phalanx of that thumb. The only medical evidence was the testimony of the treating physician, Dr. Edward W. Phillips, Jr., an orthopedist, who stated that plaintiff had lost over half his thumb, which represented a 75% disability of the thumb and a 38% disability of the hand. Plaintiff missed seven days of work for which he was paid his wages. He then returned to work and has continued to work as a boilermaker foreman.[6]
Because of the injury sustained, plaintiff is unable to perform many of the skills of his occupation as a boilermaker. He is limited in the use of tools required in his various skills. He has difficulty in gripping these tools and exerting enough force on them to use them in an effective manner. Furthermore, plaintiff is right-handed, so the injury on that hand limits him substantially. On these facts, the courts below concluded that plaintiff was entitled to receive compensation for the loss of a hand under La.R.S. 23:1221(4)(e) but was not partially disabled within the meaning of La. R.S. 23:1221(3). The courts felt that even though plaintiff may not be able to perform all the duties of a boilermaker journeyman, it was of no significance because he had worked exclusively as a boilermaker foreman for four years prior to the accident and had continued to do so for more than one year thereafter. Plaintiff contends that the courts below erred in not allowing recovery for partial disability under La.R.S. 23:1221(3), subject to a credit of 150 weeks of compensation awarded for the loss of his hand under La.R.S. 23:1221(4)(e). In addition, he argues that he is entitled to an increase in attorney fees.
The first issue presented for our determination is whether plaintiff's injury produced a partial disability under La.R.S. 23:1221(3).
La.R.S. 23:1221 provides in pertinent part:

*1103 Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(3) For injury producing partial disability of the employee to perform the duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience, sixty-six and two-thirds per centum of the difference between the wages the employee was earning at the time of the injury and any lesser wages which the injured employee actually earns in any week thereafter in any gainful occupation for wages, whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, during the period of disability, but not beyond a maximum of ... four hundred fifty weeks....
In order to recover benefits for partial disability under the above provision, plaintiff must show that his injury prevented him from performing the "duties in which he was customarily engaged when injured or duties of the same or similar character, nature, or description for which he was fitted by education, training, and experience." (Emphasis added.)
As a member of the Boilermaker Local 79, plaintiff did not work for a sole employer, but instead was sent out on various jobs by the union and worked until that particular job was completed. As previously stated, plaintiff had the skills to be sent out as a layer out worker, fitter, rigger, tube roller, burner, chipper and caulker, tray worker and tank builder. To perform these skills the hand and thumb are essential to grip the tools and instruments.[7] The court of appeal, although finding that the injury would "hinder plaintiff's use of tools considerably" and handicap him "to some extent," denied recovery for partial disability on the ground that there was only a "remote possibility" that he would have to perform tasks as a boilermaker journeyman based on his employment record as a foreman. We do not agree.
There are many factors involved in the selection of a boilermaker foreman. A.E. Vincent, business manager of the local union, testified that the selection is based on the availability of men and work at the time. He further stated that unless the foreman is requested by the contractor, the business manager has the complete discretion to send out the foreman. The business manager is elected every three years so there is no guarantee that the new business manager would send plaintiff out as a foreman. Moreover, Mr. Vincent acknowledged that "he had retirement staring at him in the face." He also affirmed that plaintiff's opportunity to work as a foreman depended on who might take his place. Thus, although plaintiff has had the good fortune of being selected as a foreman in the past, the very transient, political, and economical nature of the selection process does not preclude the possibility that plaintiff will not be sent out as a foreman in the future and ultimately be forced to work as a journeyman. As a matter of fact, he was required to turn down a job as a boilermaker journeyman after the accident because of his inability to do the work. Additionally, even if plaintiff is selected as a foreman, he must work with tools if he has less than six men under his control. Finally, there is no serious dispute that plaintiff is unable to perform the various skills required of him as a boilermaker journeyman because of his injury.
Based on these facts, we conclude that plaintiff's injury prevents him from performing the duties in which he was engaged when injured as well as those for which he is fitted by education, training, and experience. Hence, he is partially disabled within *1104 the meaning of La.R.S. 23:1221(3) and entitled as such to recover disability benefits under this provision.
The next issue is whether plaintiff is entitled to partial disability benefits under La.R.S. 23:1221(3) despite the fact that he has received compensation for the loss of his hand under La.R.S. 23:1221(4)(e). Jacks v. Bannister Pipelines America, 418 So.2d 524 (La., 1982), recently decided by this court, is dispositive of this issue.
In Jacks, plaintiff was an equipment mechanic and utility welder. He suffered an injury to his right eye which resulted in the permanent loss of vision in that eye. However, plaintiff returned to work and continued to work as a pipeline mechanic and utility welder at the same or greater wages than he was being paid at the time of the accident. Plaintiff contended that he was entitled to recovery for both specific loss and partial disability. We held that "[a]lthough the employee may not recover compensation for both his specific loss and partial disability, he is entitled to the more favorable of the two remedies." We stated:
If the employer is later required to pay the worker compensation for his partial disability, because it proves to be the favorable remedy, the employer will be entitled to subtract the 100 weeks of compensation paid for the specific loss from the maximum number of weeks for which partial disability compensation is payable.
We further stated in Jacks that if the employer should be required to pay partial disability compensation to the employee in the future, the employer should receive credit for his earlier payment under the specific loss provision by shortening the period during which partial disability compensation is payable by the number of weeks compensation was paid under the schedule for the specific loss. The employer may not make deductions from any future disability compensation payments on a dollar-for-dollar basis because such deductions are provided for only where the employer has first paid compensation under the total or partial disability provisions and compensation is later allowed under the specific loss subdivision. La.R.S. 23:1223.
Thus, Jacks received 100 weeks of compensation according to the schedule for the specific loss of his eye and 350 weeks of partial disability compensation, subject to a credit for the portion of compensation which had been paid.
Applying Jacks to the instant case, wherein the situation is practically identical, plaintiff is entitled to 150 weeks of compensation according to the schedule for the specific loss of his hand under La.R.S. 23:1221(4)(e) and 300 weeks of partial disability compensation under La.R.S. 23:1221(3), subject to a credit for the portion of compensation which has been paid.
Plaintiff also contends that he is entitled to an increase in the award of $1,000 for attorney fees. La.R.S. 22:658 provides for the imposition of penalties and attorney fees when the failure to pay workmen's compensation insurance "[i]s arbitrary, capricious, or without probable cause." We held in Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974), that "[i]n the event that there exists a substantial issue as to whether the disabled workman is entitled to compensation benefits, penalties should be denied." Here, defendant insurer's failure to pay compensation for the specific loss of a thumb within sixty days after receipt of satisfactory proofs of loss and demand therefor was arbitrary, capricious, and without probable cause; an award of $1,000 for attorney fees for the prosecution and collection of that loss is reasonable. As stated by the court of appeal: "[W]hile we think the amount awarded was low, we cannot say that there was such an abuse of discretion by the trial court as to warrant our amending his judgment in this respect." We concur. Further, we do not consider that defendant insurer's failure to pay compensation based on the loss of a hand under La.R.S. 23:1221(4)(e) was arbitrary, capricious, or without probable cause because a substantial issue existed as to whether there was a loss to the thumb or the hand. Hence, we will not disturb the award for attorney fees.

*1105 DECREE
For the reasons assigned, the judgment of the court of appeal is amended to award plaintiff, William Stracener, 150 weeks of compensation according to the schedule for the specific loss of his hand and 300 weeks of partial disability compensation, subject to a credit for the portion of the compensation which has been paid. As amended, the judgment is affirmed.
WATSON, J., concurs in part, dissents in part and assigns reasons.
WATSON, Justice, concurring in part and dissenting in part.
I fully agree with the majority opinion's resolution of the principal issues in this case.
I dissent only as to the failure to increase the attorney fees. Counsel for plaintiff won a judgment in the trial court for maximum benefits for the loss of a hand. In the Court of Appeal, the defendant answered the appeal contending that the benefits should be reduced from loss of a hand to loss of a thumb. Counsel was forced to defend against that contention, but received no increase in fee. In this Court, the defendant took the position that even though only plaintiff applied for writs, the defendant could and did advocate a reduction of benefits just as in the Court of Appeal. Therefore, counsel for plaintiff not only gained a judgment in this Court for partial disability, but also defended in the Court of Appeal and to some extent in this Court, against the contention the trial court was wrong.
Therefore, I would order a substantial increase in the fee.
Otherwise, I respectfully concur.
NOTES
[1] La.R.S. 23:1221(4)(e) provides:

(4) In the following cases, the compensation shall be as follows:
(e) For the loss of a hand, sixty-six and two-thirds per centum of wages during one hundred fifty weeks.
[2] This amounted to $148 per week for 50 weeks or $7,400.
[3] The reduction was based on Dr. Phillips' testimony that there was a 38% loss of function of the hand and La.R.S. 23:1221(4)(o) and was calculated by taking 38% of 66 ½% of plaintiff's weekly wages of $550.
[4] 410 So.2d 1220 (La.App. 3d Cir.1982).
[5] 413 So.2d 497 (La.1982).
[6] Considering that plaintiff's injury entitled him to compensation for a loss of a thumb under La.R.S. 23:1221(4)(a), defendant insurer made a lump sum payment for thirty-seven weeks at $148 per week and thereafter paid weekly compensation through January 19, 1981, for a total of fifty weeks of compensation at $148 per week or $7,400.
[7] Some of the tools and instruments that are used as a boilerman journeyman are square and compass, pencil, hammer, rigging belt, spud wrenches, crescent wrench, pins, air impact, calipers, cutting torch, and a Frenchman.