454 So.2d 1141 (1984)
Burchman THIBODEAUX, Plaintiff,
v.
The AETNA CASUALTY AND SURETY COMPANY, et al., Defendants.
No. 83 CA 0919.
Court of Appeal of Louisiana, First Circuit.
July 3, 1984.
Rehearing Denied August 24, 1984.
*1142 Stephen E. Broyles, Baton Rouge, for plaintiff-appellant Burchman Thibodeaux.
John W. Perry, Baton Rouge, for defendants-appellees Aetna Cas. and Sur. Co. and Comeaux Bros. Contractors, Inc.
Before SHORTESS, LANIER and CRAIN, JJ.
CRAIN, Judge.
This is an appeal from a judgment of the trial court which awarded Burchman Thibodeaux *1143 (Thibodeaux) worker's compensation benefits for 200 weeks for the specific loss of his arm and reserved him the right to recover under the partial disability provisions of the Worker's Compensation Law in the event that such proved to be more favorable at a later date.
On March 20, 1981, Thibodeaux injured his right arm and shoulder when he fell off the edge of a truck while in the process of unloading some laminated beams.
Thibodeaux had been employed by Comeaux Brothers Contractors, Inc. (Comeaux), for the past twenty-six years. At the time of the injury, his position was that of supervisor. His average weekly wage was $534.00. Thibodeaux is presently employed in the same capacity and has received all normal wage increases.
Following the accident, Thibodeaux went to Doctors Memorial Hospital after which he was referred to Dr. William Laughlin. At that time, Dr. Laughlin diagnosed a dislocated right shoulder and felt that Thibodeaux had not suffered any permanent physical impairment or disability from the injury. Thibodeaux was allowed to return to work in his supervisory position.
Comeaux's worker's compensation insurer at the time of this accident was Aetna Casualty and Surety Company (Aetna). Aetna first received notice of Thibodeaux's injury on March 27, 1981, when it received the injury report from Comeaux. The report indicated that Thibodeaux had returned to work on March 23, three days after the accident. The file was handled by Alva Lewis, claims superintendent at Aetna, and was treated as a "medical only" file since the claim involved less than seven days lost time. All medical bills were paid when submitted. In April of 1981, Aetna received a medical report from Dr. Laughlin explaining his March 20, 1981 diagnosis of Thibodeaux.
On March 19, 1982, Thibodeaux was given an up-dated estimate of his disability by Dr. Laughlin. Dr. Laughlin estimated Thibodeaux's functional disability was in the range of 25 to 50 percent. Thibodeaux's physical impairment and disability of the right upper extremity due to the dislocation of the right shoulder and the rotator cuff tear was estimated at 35 percent.
On March 22, 1982, approximately one year after the accident, Thibodeaux visited Aetna's office with a hand written note from Dr. Laughlin indicating the March 19, 1982 estimates of disability. This was Aetna's first notice of any type of disability. Mr. Lewis informed Thibodeaux that he had "some problems" with the hand written memo because there had been no previous indications of any disability. Thibodeaux informed Mr. Lewis that he had not been able to perform all of the physical activities which he was doing prior to this injury. Aetna refused to pay Thibodeaux any compensation. Mr. Lewis then advised Thibodeaux to file suit in order to interrupt prescription due to the fact that no compensation benefits had been paid. Thibodeaux filed suit to recover all compensation benefits to which he was entitled on March 22, 1982.
On April 7, 1982, Aetna received a follow-up medical report from Dr. Laughlin dated March 19, 1982. This report revealed the estimated disabilities and his recommendation not to reconstruct the rotator cuff tear because of Thibodeaux's age.
On June 30, 1982, Aetna took Thibodeaux's deposition to ascertain the history and extent of Thibodeaux's alleged disability.
On approximately July 13, 1982, Thibodeaux received his first compensation benefits from Aetna. Thibodeaux received an initial payment of compensation of $8,944.50, the amount necessary to bring him up-to-date computing his compensation benefits based on 37½ percent disability to the arm under the Specific Member Section of the Worker's Compensation Act,[1] at a *1144 rate of $133.50 per week for sixty-seven weeks.
Thibodeaux amended his petition on May 5, 1983,[2] alleging he was entitled to penalties and attorney's fees due to Aetna's arbitrary and capricious failure to pay any compensation benefits until approximately four months after suit was filed.
Trial on the merits was held on May 23, 1983. On that day the trial judge rendered the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff, Burchman Thibodeaux, and against defendants, The Aetna Casualty & Surety Co. and Comeaux Brothers Contractors, Inc., individually and solidarily, for 200 weeks of compensation benefits for specific loss of his arm at the rate of $133.50 per week (subject to a full credit for all previous benefits paid); reserving the plaintiff's right to recover under the partial disability provisions of the workmen's compensation law in the event that it proves to be more favorable at a later date.
The expert witness fee of Jay Hubbard is set at $400.00 and of William Joseph Laughlin, Jr., M.D. at $250.00, and together with the court reporter costs of $112.00 for the deposition of Dr. Laughlin, are taxed as costs, to be paid by defendants.
The claim for penalties and attorney's fees sought by Burchman Thibodeaux is denied.
Thibodeaux appeals from this judgment alleging four specifications of error.

SPECIFICATIONS OF ERRORS
(1) The trial court erred in failing to find that Burchman Thibodeaux was totally and permanently disabled under the odd-lot doctrine.
(2) The trial court erred in not determining specifically that Burchman Thibodeaux was partially disabled under the provisions of LSA-R.S. 23:1221(3) and thereby entitled to 250 weeks of partial disability compensation beyond the payments under the Specific Member Section.
(3) The trial court erred in failing to award penalties and attorney's fees to the plaintiff.
(4) The trial court erred in failing to award legal interest in accordance with law.

TOTAL AND PERMANENT DISABILITY
Thibodeaux alleges the trial court erred in not finding him totally and permanently disabled under the odd-lot doctrine.
Under the odd-lot doctrine, a claimant is entitled to a total and permanent disability when he establishes a prima facie case that, because of the physical impairment and other factors such as mental capacity, education and training, he can perform no services other than those which are so limited in quality or dependability that a reasonably stable market for them does not exist. The odd-lot concept may also be applied in cases where the worker, because of his injury, is in such substantial pain that work becomes an overburdening task. Orgeron v. Tri-State Road Boring, Inc., 434 So.2d 65 (La.1983).
If the claimant is successful in showing a combination of factors indicating that the services which he is able to render are so limited in quality, quantity, or dependability that a market for his labor does not *1145 exist within which he can effectively compete, he has presented a prima facie case for classification in the odd-lot category. Oster v. Wetzel Printing, Inc., 390 So.2d 1318 (La.1980).
Thibodeaux does not fit the odd-lot classification of total and permanent disability. Thibodeaux testified at trial that he has held the same position and received his normal wage increases after the injury. He also testified that he has not missed any work following the accident and due to his injury. Clevins Comeaux, Thibodeaux's employer for twenty-six years, testified that Thibodeaux's supervisory position did not require him to do carpentry work even though Thibodeaux would customarily perform such labor. Mr. Comeaux also testified that Thibodeaux could work for Comeaux Brothers for as along as he desires. The testimony of Dr. Laughlin indicates that Thibodeaux's injury would not prevent him from performing his supervisory duties.
Accordingly, we find the trial court did not commit error in refusing to classify Thibodeaux totally and permanently disabled under the odd-lot doctrine.

PARTIAL DISABILITY

A. TRIAL COURT'S DECREE
Thibodeaux argues that the trial judge has already made a determination of partial disability as evidenced by the following language in the judgment: "... reserving the plaintiff's right to recover under the partial disability provisions of the workman's compensation law in the event that it proves to be more favorable at a later date."
Thibodeaux cites the cases Jacks v. Banister Pipelines America, 418 So.2d 524 (La.1982) and Stracener v. United States Fidelity & Guaranty Company, 420 So.2d 1101 (La.1982) for the proposition that this language represents a finding of partial disability. Aetna alleges the trial court merely preserved Thibodeaux the right to reopen the case in the event the partial disability provisions become applicable and more favorable.
We distinguish Jacks and Stracener from the present case. The decree in those cases did not reserve to the claimant the right to possibly recover partial disability benefits in the future, but specifically awarded partial disability benefits in addition to the specific loss benefits. Since both are not recoverable, the decree in both cases is limited by the Court's prior finding the claimant suffered a specific loss and partial disability and was entitled to the most favorable benefit. Which was most favorable would depend, of course, on the employee's wage earnings at the time. Stracener, 420 So.2d 1101; Jacks, 418 So.2d 524.
The trial court here must have concluded that Thibodeaux is not partially disabled because partial disability benefits were not decreed. The trial court merely reserved Thibodeaux the right to prove he is entitled to partial disability status if his circumstances should change at a later date.[3]

B. FINDINGS AS TO PARTIAL DISABILITY
Thibodeaux alleges, alternatively, that if not totally and permanently disabled then he should be found partially disabled under La.R.S. 23:1221(3) and therefore entitled to 250 weeks of partial disability compensation.
An employee may be deemed partially disabled even if employed at his pre-injury job if he is unable to perform the same duties in which he was customarily engaged when injured. La.R.S. 23:1221(3); Orgeron v. Tri-State Road Boring, Inc., 434 So.2d at 67.
Thibodeaux testified that, as a result of the accident, he cannot nail much overhead; he cannot lift items overhead; he cannot saw or climb as he did in the past; and he cannot walk at heights. However, he stated he could still perform general *1146 carpentry tasks and that he spends approximately the same percentage (30%) of time subsequent to the injury as he did prior to the injury performing carpentry type labor.
As noted previously, Mr. Comeaux testified that Thibodeaux's supervisory responsibilities do not require him to perform any carpentry work.
Disability is a question of fact. The trial court's resolution of that fact should not be disturbed in the absence of manifest error. Scott v. Sears, Roebuck & Company, 406 So.2d 701 (La.App. 2d Cir.1981). The trial court was not manifestly erroneous in not finding Thibodeaux partially disabled.

STATUTORY PENALTIES
Thibodeaux alleges the trial court erred in not finding Aetna's refusal to pay compensation benefits arbitrary, capricious or without probable cause. In the event that there exists a substantial issue as to whether the disabled workman is entitled to compensation benefits, penalties should be denied. Guillory v. Travelers Insurance Company, 294 So.2d 215 (La.1974). Here there existed no substantial issue as to Thibodeaux's entitlement to some compensation benefits since April 7, 1982, the date when Aetna received the report from Dr. Laughlin stating that Thibodeaux had a 35% permanent physical impairment and disability. Upon receipt of this proof of loss, Aetna had 60 days under La.R.S. 22:658 to investigate and either pay or deny the claim. Although Aetna had some doubts as to whether the disability was related to the accident and to the amount owed, Mr. Lewis at trial acknowledged that Thibodeaux would have been entitled to the minimum of $49.00 per week for at least 100 weeks if the injury "checked out".
When a medical report shows some disability, the insurer is bound to tender the minimum amount due. Johnson v. Guastella Construction and Realty Company, 338 So.2d 747 (La.App. 4th Cir. 1976), writ refused, 341 So.2d 403 (La. 1977). The record before us reflects no legitimate reason why compensation for the specific loss to Thibodeaux's right arm could not have been paid within 60 days of receipt of Dr. Laughlin's report. Aetna maintains that no mention was made in the report it received on April 7, 1982, that the disability was work related; however, it is clear to us that the letter references the earlier correspondence sent Aetna regarding Thibodeaux's original shoulder injury. Accordingly, Aetna's refusal to pay for some three months after being furnished sufficient proof of loss was arbitrary and capricious and subjects it to penalties and attorney's fees. Johnson, 338 So.2d 747.
We award the 12% penalty provided for under La.R.S. 22:658, on the amount paid by Aetna on July 13, 1982. Dodd v. Nicolon Corporation, 409 So.2d 1236 (La.App. 1st 1982), reversed in part on other grounds, 422 So.2d 398 (La.1982). Additionally, we award Thibodeaux $3,000 for reasonable attorney's fees for services apparent from the record. Coulton v. Levitz Furniture Corporation, 391 So.2d 80 (La. App. 4th Cir.1980).

LEGAL INTEREST
Thibodeaux alleges he is entitled to an award of legal interest on workman's compensation benefits from the date each payment is due. Crockett v. St. Paul Insurance Company, 413 So.2d 949 (La.App. 1st Cir.1982), writ denied, 420 So.2d 447 (La.1982). We agree that interest is owed from the due date on the weekly benefits that accumulated prior to the first payment dated July 8, 1982. Chisholm v. L.S. Womack, Inc., 424 So.2d 1138 (La.App. 1st Cir.1982). Since that time payments have been made in accordance with what we have found to be owed. No interest is due on these payments.
Thibodeaux is also entitled to legal interest from the date of judicial demand on the penalties and attorney's fees. Parnell v. Reed & Sims, Inc., 428 So.2d 899 (La.App. 1st Cir.1983), writ denied, 435 So.2d 428 (La.1983).
*1147 Accordingly, the judgment is reversed in part to provide penalties and $3,000 in attorney's fees. Legal interest will run from date of judicial demand on the penalties and on the attorney's fees. The award of penalties and attorney fees is assessed only against Aetna.[4] The judgment is amended in part to provide for legal interest from the due date of the weekly compensation benefits due before July 8, 1982. In all other respects, the judgment is affirmed. Costs of this appeal are to be divided equally between Thibodeaux and Aetna.
AMENDED AND AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.
NOTES
[1] La.R.S. 23:1221 provides, in pertinent part, as follows:

Sec. 1221. Temporary, permanent or partial disability; schedule of payments
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
(4) In the following cases the compensation shall be as follows:
. . . . .
(f) For the loss of an arm, sixty-six and two-thirds per centum of wages during two hundred weeks.
[2] The sixty day delay provided by La.R.S. 22:658 had passed. Defendant knew no later than April 7, 1982, of the plaintiff's disability but did not begin compensation payments until July 13, more than 90 days later.
[3] We are not called upon to decide the legal effect of this reservation at this time.
[4] Prior to the amendment to La.R.S. 23:1201.2, effective July 1, 1983, only the insurer could be cast for statutory penalties under La.R.S. 22:658.