DOMENGEAUX, Judge.
This appeal arises out of a worker’s compensation case. Plaintiff brought this suit seeking to recover benefits for injuries sustained in connection with his employment for Avoyelles Valve, Inc.
The underlying facts which gave rise to this appeal may be briefly stated as follows: From October 20, 1980, until May 24, 1982, plaintiff was employed as a maintenance laborer for Avoyelles Valve, Inc. During this period of time plaintiff suffered four separate job related injuries. At the time of the first three injuries Travelers Insurance Company was the employer’s worker’s compensation insurer. Some time shortly before the fourth injury the defendant — employer secured worker’s compensation coverage from Southern States Insurance Company.
Plaintiff was initially injured in the course and scope of his employment on October 20, 1980. This accident occurred when plaintiff was attempting to lift a 100 to 200 pound piece of equipment. After the injury Mr. Nelson was treated by Dr. Richard Michel, a general practitioner in Marksville, Louisiana. Doctor Michel diagnosed the injury as “bilateral paravertebral muscle spasm” and referred plaintiff to Dr. R.J. Beurlot, an orthopedist in Alexandria, Louisiana. Doctor Beurlot treated plaintiff and released him to return to work on November 14, 1980. During the time of plaintiff’s recovery he received compensation payments from Travelers.
After plaintiff had returned to work he sustained two other accidental injuries on May 14, 1981, and on January 10, 1982. Both times plaintiff was treated by Doctor Michel and released to return to work in just a few days.
On May 24, 1982, plaintiff sustained a fourth accidental injury which is the subject of this appeal. After this injury plaintiff was treated by Doctor Michel again and referred to Dr. Bruce Razza, an orthopedist who specializes in disorders of the spine. Doctor Razza diagnosed Mr. Nelson as having a disabling injury termed retrol-isthesis at the L-5-S-1 level and also L-4-5 levels of the spine.
On January 31, 1983, plaintiff brought suit against his employer, Avoyelles Valve, Inc., and its alleged worker’s compensation insurer, Travelers Insurance Company. In his petition plaintiff alleges that he had been disabled by the job related accident which occurred on October 20, 1980. Sub *516 sequently on June 21, 1983, he filed a supplemental and amending petition in which he alleged three additional injuries which occurred on May 14, 1981, January 20, 1982, and May 24, 1982. It is plaintiffs contention that the last three accidents simply aggravated the initial injury caused by the October 20, 1980 accident. During the time of the first three accidents Travelers was the employer’s worker’s compensation insurer. Southern States Insurance Company who was presumably the employer’s worker’s compensation insurer at the time of the last accident of May 24, 1982, was impleaded as a third party defendant by Avoyelles Valve, Inc. Before the proceedings began the trial court severed the employer’s third party demand against Southern States Insurance Company.
After trial of the matter the lower court found no liability on the part of Travelers but found the plaintiff to be totally and permanently disabled and entered judgment in favor of the plaintiff against the defendant employer. From that judgment both parties have appealed. The issues on appeal are: (1) Whether the trial court’s factual determinations are correct; (2) Which of the employer’s worker’s compensation carriers should be liable, i.e., Travelers or Southern States Insurance Company, or both? (3) Is plaintiff entitled to statutory penalties and attorney’s fees from Travelers?
In finding liability on the part of Avo-yelles Valve, Inc., the trial court made the following findings: (1) Plaintiff was totally and permanently disabled; (2) Plaintiff fully recovered from his first three accidents; and (3) That it was the March 24th injury which totally and permanently -disabled plaintiff.
On appellate review the trial court’s factual findings are entitled to great weight and should not be disturbed when there is evidence before the trier of fact which upon the latter’s reasonable evaluation of credibility furnishes a reasonable factual basis for the trial court’s findings. Unless clearly wrong a reviewing court should not disturb reasonable evaluations of credibility and reasonable inferences of fact, even though the reviewing court may be of the opinion that other evaluations and inferences are as reasonable. Crump v. Hartford Accident and Indemnity Company, 367 So.2d 300 (La.1979).
The trial court’s finding that plaintiff is totally and permanently disabled was amply supported by the record. The uncon-tradicted medical testimony of Doctor Raz-za and Doctor Michel show that they were both of the opinion that as of the time of the trial plaintiff was totally and permanently disabled and unable to return to work.
Also supported by the record is the trial court’s finding that plaintiff fully recovered from the first three accidents because Doctor Michel, who treated plaintiff after each of his four accidents, stated that: “Plaintiff has fully recovered from the first three accidents, regaining his pre-accident status following limited treatment.”
The trial court’s finding that plaintiff’s disability was a result of his May 24, 1982 accident is also correct. In order to be partially disabled a plaintiff’s injuries must prevent him from performing the duties in which he was customarily engaged when injured or prevent him from performing duties of the same or similar character, nature, or description for which he was suited by education, training, and experience. Stracener v. United States Fidelity & Guaranty Company, 420 So.2d 1101 (La.1982). After each of plaintiff’s first three accidents, he returned to his employment after little or no time off and performed the same duties as he performed prior to his injury. Thus plaintiff could not have been considered even partially disabled after any of the first three accidents.
The jurisprudence has also recognized that a worker may be considered partially disabled where an employee experiences substantial pain when working in his former occupation but cannot perform other work without experiencing such pain. McBroom v. Argonaut Insurance Company, 370 So.2d 212 (La.App. 3rd Cir.1979). *517 However, the evidence in this case does not indicate plaintiff suffered this type of pain. As pointed out earlier, according to Doctor Michel, plaintiff fully recovered from the first three accidents. There is no history of an on-going medical treatment after any of those first accidents. The medical evidence in the record when taken as a whole strongly supports the conclusion that plaintiff fully recovered from the first three accidents and was totally and permanently disabled by the fourth.
For the reasons to which we have adverted, the uncontradicted medical evidence, in conjunction with the lay testimony, and the governing law applicable thereto, we are required to affirm the trial court’s conclusion that: (1) Plaintiff is now totally and permanently disabled; (2) Plaintiff fully recovered from his first three accidents; and (3) The accident which disabled plaintiff occurred on May 24, 1982.
At trial the defendant-employer claimed that it was the first injury which disabled plaintiff and that the three subsequent accidents simply aggravated the injury of October 20, 1980. It was thus the employer’s contention that plaintiff’s claim had prescribed. As pointed out earlier this suit was filed on January 31, 1983, alleging disability from the October 20, 1980 accident. However, plaintiff’s petition was properly amended to bring before the trial court the existence of the three subsequent injuries. The trial court considered all the evidence and held that plaintiff was not in any way been disabled by the first three accidents but that he had been totally and permanently disabled by the May 24, 1982 accident. Because we have affirmed those decisions this suit was timely filed and, although it was amended more than one year following the disabling accident, in our view, the amendment relates back to the initial filing of the worker’s compensation suit. Therefore, suit was timely filed within the period required by La.R.S. 23:1209, and defendant’s plea of prescription was properly overruled.
The final inquiry herein pertains to the question of which insurer should be held responsible for plaintiff’s injuries. Southern States Insurance was allegedly the worker’s compensation insurer at the time of the May 24, 1982 accident. Because the defendant employer’s third party demand against this insurance company was severed before trial, that issue is not before us. Travelers Insurance Company however had been made a party to the proceedings in the trial court. Travelers was the worker’s compensation insurance carrier at the time of the first three accidents. We held that the plaintiff fully recovered from those accidents and that the disabling injury occurred on May 24, 1982. At that time Travelers was no longer the employer’s insurance carrier, thus there is no liability on its part. Further, Travelers was justified in not assuming responsibility for a crippling accident which occurred after its policy was no longer in effect. This action by Travelers cannot be construed as arbitrary and capricious action which would give rise to a claim for penalties and attorney’s fees.
Of course, as aforesaid, the status or liability of Southern States Insurance Company in connection with this case is not before us inasmuch as the demand against it was previously severed. Whatever liability which may rest on that insurance company must be decided in further proceedings in the district court.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are assessed equally against the plaintiff, Kenneth P. Nelson, and the employer, Avoyelles Valve, Inc.
AFFIRMED.