KNOLL, Judge.
United States Fidelity & Guaranty Company (hereafter USF&G), the workers’ compensation insurer for Varco Homes, Inc. (hereafter Vareo), appeals the trial court’s judgment awarding Rodney Fernandes, one of Varco’s employees, disability benefits for a 15% permanent partial disability of his right hand. The sole issue is whether the trial court erred in awarding benefits under LSA-R.S. 23:1221(4)(e) for disability of the hand rather than awarding benefits under R.S. 23:1221(4)(b) for disability of the index finger. We affirm, finding the record supports the trial court’s conclusion that the loss of 60% of Fernandes’s index finger is disabling to the hand as a whole.
FACTS
The facts were stipulated by the parties. On December 15, 1982, Fernandes, approximately 19 years of age, was employed by Vareo as a panel installer; he earned an average weekly wage of $170. He sustained personal injury during the course and scope of his employment when his right hand was accidentally caught in a cross-cut saw. Fernandes’s received emergency treatment from Dr. Charles Cook of Natchitoches and was subsequently transferred to Schumpert Medical Center, where he was treated by Dr. A.E. Dean, an ortho-paedic surgeon.
Dr. Dean testified that Fernandes sustained injuries to the middle phalanx, the distal joint and the proximal joint of the right index finger as well as the second or long finger. Dr. Dean performed two surgeries on Fernandes’s right index finger; he found Fernandes suffered a loss of gripping power and assessed his disability at 60% of the index finger, which correlates to 15% of the hand.
On June 17, 1983, Dr. Dean examined Fernandes again, and told Fernandes that he could return to work in one week, on June 24, 1983. Fernandes returned to work for Vareo for a few months. He then left work to continue his college education as a computer science major. Fernandes was not enrolled as a student when the accident occurred.
USF & G paid Fernandes workers’ compensation benefits of $3,842 from December 15, 1982, through August 11, 1983, and also paid hospital and medical expenses of $5,158.24.
SCHEDULE LOSS
The trial court awarded Fernandes scheduled benefits under R.S. 23:1221(4)(e), which provides 150 weeks for a hand disability. USF & G asserts that he should be limited to benefits under R.S. 23:1221(4)(b) for partial loss of use or function of the index finger, in which case Fernandes would receive benefits for only 30 weeks.
If the evidence fails to relate the injury to the hand as a whole in any manner other than that the thumb or finger forms a component part of the hand, then the court must limit the remedy to the loss of a thumb or finger. Stracener v. U.S. Fidelity & Guaranty Co., 410 So.2d 1220 (La.App.3rd Cir.1982), affirmed, 420 So.2d 1101 (La.1982); Nash v. Knoblock, 381 So.2d 404 (La.1980). However if the injury can be related to the whole hand rather than restricted to a finger, compensation is awarded for the disability of the hand. Stracener v. U.S. Fidelity & Guaranty Co., supra.
In the instant case, Fernandes testified that his grip strength has weakened and that it is painful when he uses his right hand. He further testified that the pain in *702 his hand stretches from the tip of his finger to approximately two inches past the knuckle. Prior to the accident, he had no problems with his hand. The scar from his injury is completely on his finger, but Fer-nandes stated that his entire hand hurts.
Dr. Dean stated that Fernandes complained of pain in his hand and a lack of gripping strength. Dr. Dean further testified that Fernandes would not be able to apply much pressure with his index finger in his grip, and that his disability is permanent.
The trial court ruled:
“And there could conceivably be situations, apparently are and have been, where a matter is ... where a finger is injured in such a way as to be a finger injury as opposed to a hand injury. But the plaintiff in this matter has testified that his hand hurts. The doctor has pointed out that it’s a disability to the hand as well as to the finger. But, he hurts during cold weather. He has loss of grip in the entire hand. So I think the ... you know, just from a common sense standpoint, the loss of that much use of the index finger affects the hand as a whole, and this is further made plain by the fact that he hurts and has a loss of grip. So I think that the Court will rule that this is a fifteen percent disability of the hand. (Emphasis ours.)
After a careful review of the record, we find no manifest error in the trial court’s finding that the injury to Fernandes’s index finger can be related to the disability of the hand as a whole.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to defendant-appellant, United States Fidelity & Guaranty Company.
AFFIRMED.