ALFORD, Judge.
This is an appeal from a judgment granting plaintiff permanent partial disability worker’s compensation claim against appellants Dick Henley, Inc. (Henley), as his previous employer and United States Fidelity and Guaranty Co., Henley’s insurance carrier.
The plaintiff, A.J. Baum, injured three fingers on his right hand on October 14, 1981, while working as a carpenter for Henley (a job he had obtained out of the local carpenters’ union.)
Immediately after the incident, plaintiff, a 41-year-old male with an eighth grade education and four years of training as a carpenter, reported his injury to Henley and was treated for a fractured right long or middle finger by an orthopedic surgeon. He received temporary total disability compensation for his injury from the date the injury occurred until December 23, 1981, when his physician released him to return to work. During 1982, plaintiff worked intermittently as a carpenter, obtaining jobs through the carpenters’ union.
Because of continued complaints of pain, on February 11, 1983, plaintiff’s physician referred him to an orthopedic surgeon who specializes in hand injuries. X-rays and a physical examination revealed degenerative changes in the distal interphalangeal joint of the right long finger (the joint closest to the tip of the finger) and a deformity of the fingernail. After treatment with cortisone failed to help the affected joint, the surgeon operated on March 18, 1983, at which time he fused the joint, making it immobile, and removed a portion of the nail bed so that the fingernail would not be split. The plaintiff received temporary total disability compensation as a result of the surgery from March 18, 1983, through October 20, 1983, at which time his physician released him to return to work. The plaintiff has never returned to work.
Plaintiff, who is right handed, filed the instant suit on February 10, 1983, seeking permanent total disability benefits. After hearing the evidence, the trial judge held that the plaintiff had proven partial permanent disability as of October 14, 1981, and awarded him 66%% of the difference between his wages of $542.00 per week at the time of his injury and any lesser wages which he actually earns in any week thereafter, up to a total of 450 weeks with weekly compensation between a maximum of $183.00 and a minimum of $55.00. The judgment also required the defendants to pay legal interest on each past due weekly payment and granted the defendants a credit of $8,339.56 for weekly benefits already paid. We agree and affirm.
MEDICAL HISTORY
Prior to injuring his finger in October of 1981, plaintiff had suffered three work-related injuries to his back and left knee between 1973 and 1977. He returned to work as a carpenter after recovery periods of one year or less for each incident.
*827 Immediately following the October 14, 1981, accident wherein plaintiff injured his finger, plaintiff consulted a physician in New Roads who referred him to Dr. Alan Farries, an orthopedic surgeon in Baton Rouge. Dr. Farries treated the plaintiff for a fractured bone, seeing him on a regular basis until December 23, 1981, when he released the plaintiff to return to work. Dr. Farries indicated he expected full recovery with minimum residual disability. He continued to see the plaintiff on an intermittent basis throughout 1982 because of the plaintiffs continuing complaints of pain, and in July of 1982, Dr. Farries determined that plaintiffs right long finger had a permanent physical disability of approximately 25%.
On February 11, 1983, Dr. Farries referred the plaintiff to Dr. Joe Morgan, an orthopedist who specializes in hand surgery. Dr. Morgan performed the surgery referred to earlier in this opinion. Dr. Morgan testified in his deposition that the surgery caused the joint near the tip of the finger to fuse satisfactorily, making it immobile, and that the nail bed improved. As stated previously, Dr. Morgan subsequently released the plaintiff to return to work. He indicated that plaintiff has limited motion of the middle joint of the long finger, stating that when outside force is exerted on it, the joint has between 85 and 90 degrees of flexion out of a possible 110 degrees. He estimated that the plaintiff has about 15 to 20 degrees less motion than indicated above when making a fist on his own.
Dr. Morgan also performed a grip test on the plaintiff. This test is a subjective strength measuring test. The results showed that plaintiff had about 20 pounds grip in his right hand as opposed to 50-55 pounds grip in his left hand. Dr. Morgan stated that the strength in plaintiff’s right hand would probably never equal that of his left hand. At the time of the deposition, Dr. Morgan estimated that the plaintiff had a 50 percent permanent partial physical disability of the long finger of the right hand because of the loss of motion in the top and middle joints of the finger as well as a decrease in overall strength.[1] No functional disability rating was made by Dr. Morgan, however, he stated that he did not think there was any medical contradiction in regard to the plaintiff attempting to perform his work. Dr. Morgan testified that he thought the plaintiff was engaged in general laboring work and was not sure if he had ever been advised that the plaintiff was a carpenter.
Prior to Dr. Morgan’s release of plaintiff to return to work, the plaintiff was admitted to Earl K. Long Hospital in July of 1983 complaining of chest pains. During that admission, the plaintiff was diagnosed as having diabetes mellitus and angina. He was subsequently hospitalized on September 30, 1983, again complaining of chest pains. It was determined at that time that his chest pains were probably not cardiac in origin, and on October 7,1983, he was diagnosed by Dr. John Mickey as having an anxiety neurosis and gastritis-eso-phagitis. Dr. Mickey did note that if plaintiff continued to experience atypical chest pain, he would be referred to New Orleans for a cardiac catherization to definitely rule out heart problems.
DISABILITY
Defendants contend that the trial court should have granted plaintiff judgment for scheduled disability benefits under LSA-R.S. 23:1221(4), and not for permanent partial disability benefits under LSA-R.S. 23:1221(3).[2] They contend that by returning to work as a carpenter between the date of the accident and the surgery in 1983, plaintiff showed that he could per *828 form the same duties which he had performed prior to the accident.
A worker’s compensation claimant who is able to engage in some employment, though not the same or similar duties in which he was customarily engaged when injured, is considered partially disabled. LSA-R.S. 23:1221(3). Morgan v. Offshore Hammers, Inc., 439 So.2d 491 (La.App. 1st Cir.1983).
The inability of a claimant to return to the same or similar type of work for which he is trained is a question of fact. On appellate review, the trial court’s factual findings concerning work related disability should not be disturbed where the evidence before the trial court supports a reasonable factual basis for its findings, unless clearly wrong. Culp v. Belden, 432 So.2d 847 (La.1983).
The claimant must prove by a preponderance of the evidence the nature and extent of his disability. To determine whether the claimant has met his burden, all of the medical and lay evidence must be examined. See Chiasson v. Lafourche Parish Council, 449 So.2d 110 (La.App. 1st Cir.1984).
In the instant case, the plaintiff had to prove by a preponderance of the evidence that he could not return to the same or similar type work because of his finger injury. When considering the evidence presented by Dr. Morgan’s deposition, and Dr. Farries’s reports, and the live testimony of the plaintiff, his wife, a work associate and two friends, the trial court weighed the expert and lay evidence and found that the plaintiff had met the required burden. The trial court found that the plaintiff can return to gainful employment. While the court found that “the plaintiff may be capable of performing some limited carpentry work,” the court noted that “plaintiff will never again be capable of the kind of skilled work which he formerly performed.” Using the 50% disability of the finger as estimated by Dr. Morgan, the court opined that “[s]uch a disability lessens the skill necessary in carpentry work.” The court found the instant case analogous to Stracener v. United States Fidelity & Guaranty Co., 420 So.2d 1101 (La.1982), wherein the Louisiana Supreme Court awarded partial permanent disability benefits to an employee who returned to his former position after an accident, but who could no longer perform all of the tasks or use all of the tools required by his occupation, thus handicapping him to some extent. In regard to the instant case, the court stated:
And finally, it seems that the pain and 50% impairment of his finger prevent the plaintiff from using the kind of tools necessary in his former employment. Even the handling of certain materials may be difficult.
We cannot say that the court’s findings are clearly wrong.
Defendants also assert that any disability suffered by the plaintiff that renders him unable to return to his former occupation is due to the diabetes and possible angina discovered in 1983 rather than the finger injury. Defendants offered no evidence to support this contention. The doctors’ reports entered into evidence in regard to these medical conditions do not indicate that any work restrictions were imposed because of these problems. Therefore, this contention is without merit.
For the foregoing reasons, we affirm the judgment of the trial court awarding plaintiff partial permanent disability compensation. Costs of this appeal are to be borne by the defendants.
AFFIRMED.

. This 50% figure is an increase of 25% from the disability figure given by Dr. Farries prior to surgery. The finger disability translates to a 7.5% permanent partial disability of the hand as a whole.

. Since the injury occurred before the 1983 amendment of the worker’s compensation statute, references in this opinion apply to the statutes as they appeared prior to 1983 La. Acts No. 1, § 1.